Hiram Wills *versus* Thomas Whittier & *al.*

A special law of 1850 required all warrants, alleging an offence to have been committed within the city of Augusta, to be made returnable before the municipal court of that city; and where this requirement was not observed, but, according to the direction in the warrant, the person charged was brought before and examined by the magistrate who issued it : — *it was held*, that the warrant conferred no authority on the magistrate to hear and determine the subject matter of the complaint, or on the officer who made the arrest and return of the alleged offender, and in this particular they were trespassers, and liable to him in an action against them to recover damages.

During a vacancy in the office of the municipal judge, the recorder could not be ousted of his jurisdiction by inserting his name in a warrant as a witness.

Trespass for false imprisonment. The defendants filed separate pleas.

The case, as made by the parties, is that, " on the    day of February, 1854, the defendant Weston, issued a warrant against the plaintiff, in regular form, returnable before him or any other justice of the peace, in and for the county of Kennebec, upon a complaint in due form, charging the plaintiff with having committed the crime of perjury at Augusta, on the trial of an indictment at the preceding November term of the Supreme Judicial Court, held at Augusta, in and for the county of Kennebec.

This warrant was directed to any coroner in said county,

or any constable of the town of Rome in said county, there being no sheriff in said county, and was placed in the hands of the defendant Whittier, for service, who then assumed to act as constable of the town of Rome.

By virtue of this warrant, the defendant Whittier, on the day of February, 1854, arrested the plaintiff at his dwellinghouse in Rome, but left him there on his agreeing to meet the defendant at Belgrade.

The plaintiff met the defendant there, who then carried him before said Weston, in said Belgrade, before whom he also duly returned said complaint and warrant.

The said Weston caused the plaintiff to be arraigned and tried on said complaint, he pleading not guilty. After said trial, the said Weston ordered the plaintiff to give bonds with sufficient sureties for his appearance at the then next term of the Supreme Judicial Court, for the county of Kennebec, in the sum of five hundred dollars, to answer to such indictment as might be found against him, and to be committed until said order was complied with; and ordered him into the custody of said Whittier.

The plaintiff neglecting and declining to give bonds with sureties, as required, the defendant Whittier placed him under keepers, it being late in the afternoon, until the next day, and then, upon mittimus duly issued by said Weston, carried him to Augusta, and committed him with the mittimus to the custody of the jailer, by whom he was fully committed.

The same day, the plaintiff gave the bonds required as aforesaid, with sureties, for his appearance at court, as above stated, and thereupon was discharged from custody.

He attended the next term of said court to answer to any indictment against him, but none was found.

The said Weston then resided in Belgrade, and was duly commissioned and qualified as a justice of the peace in and for said county.

The said Whittier lived in Rome, and derived all his authority to act as constable from the following vote, passed at the annual meeting in Rome, in March, 1853, duly called for

the choice of town officers:—"Voted, that the collector constable berth go to the lowest bidder. Thomas Whittier bid off the collector and constable berth at two cents and two mills on a dollar for collecting."

Subsequently, on the sixteenth day of March, he was duly sworn and gave bond as a constable is required by law, which bond was, on the same day, approved by the selectmen of said Rome.

There was no judge of the municipal court of the city of Augusta, at the time when the warrant was issued, he having resigned, and the recorder of said court was a witness in said warrant.

If, in the opinion of the Court, the plaintiff can maintain his action against defendants, or either of them, judgment is to be rendered for the plaintiff for such sum, as damages, as the Court shall assess; otherwise, the plaintiff to become nonsuit, and judgment is to be rendered for both or either of the defendants, as the case may be.

The case was argued June term, 1855.

*Drummond,* for plaintiff.

*Bradbury & Morrill,* for defendants.

The opinion of the Court was drawn up by

CUTTING, J.—The warrant, under which the defendants justify their proceedings against the plaintiff, was made returnable before the magistrate issuing it, or any other justice of the peace within the county of Kennebec, for an offence alleged to have been committed at Augusta.

By a special law of this State, passed in 1850, c. 303, § 1, it is provided that "all warrants alleging any offence to have been committed within said city, (Augusta,) shall be made returnable before said court, (municipal court.)

The warrant was not made returnable before that court, although the offence was therein alleged to have been committed within Augusta, and, consequently, it conferred no authority on the magistrate to hear and determine the subject

matter of the complaint, or on the officer to arrest and return the alleged offender before such magistrate, and, for their acts in this particular, they were trespassers.

During the vacancy in the office of the municipal judge, the recorder could not be ousted of his jurisdiction by inserting his name in the warrant as a witness, otherwise jurisdiction in all such cases might be the creature of a fiction.

According to the agreement of the parties, the defendants must be defaulted, and damages assessed at twenty dollars.

TENNEY, C. J., RICE, APPLETON, and MAY, J. J., concurred.