## STATE v. DRURY WARREN.

*Indictment—Judgment—Power to Vacate and Re-sentence.*

1. The Court has the power during the term, to correct, modify or recall an unexecuted judgment in either civil or criminal cases.

2. But where the Court adjudges that the defendant be fined and imprisoned, and the fine is paid and part of the imprisonment undergone, the Court cannot, even at the same term, recall and suspend the judgment, and at a subsequent term sentence him again for the same offence.

3. No person can be twice punished for the same offence, and the second judgment under such circumstances is void.

4. *It seems,* that with the consent of the convict, the Court may sub-divide the term of imprisonment, so that a portion of it may be suffered at one time and the residue at another.

INDICTMENT for an assault with a deadly weapon, tried before *McKoy, Judge,* and a jury, at Spring Term, 1884, of CASWELL Superior Court.

There was a verdict of guilty and His Honor, Judge McKoy, pronounced judgment, as appears in the opinion of this court.

At Fall Term, 1884, of the same court, the defendant was brought before Philips, Judge, under the circumstances as set out in the opinion of this court, and the judgment was given from which the defendant appealed.

*Attorney-General,* for the State.
*Messrs. Graham & Ruffin,* for the defendant.

SMITH, C. J. The defendant is charged in the indictment with an assault committed upon the body of W. P. Oliver, with

a deadly weapon, and upon the trial of his plea of not guilty, was convicted by the jury at Spring Term, 1884, of Caswell Superior Court. Thereupon he was sentenced to confinement for twelve months in the county jail and at once committed.

There were other indictments against the defendant, tried at the same term, in which he was acquitted, and two sent before the grand jury, one of which was found a true bill and not tried, and the other ignored. The day following the commitment, the defendant was brought into court, when the following judgment was entered in the cause.

"Upon the promise of the defendant that he will keep from getting drunk, and upon his entering into a recognizance to be of good behavior for two years, and to keep sober, the court has agreed to remit the twelve months' imprisonment.

"Therefore, it is ordered that the defendant, upon payment of the costs in the case where he is convicted, and the payment of such costs as the county would be liable for in the other indictments where he was tried, and those not disposed of, and entering into recognizance in the sum of one thousand dollars, to be a peaceable, orderly citizen and to keep the peace, and particularly to keep sober, or upon the deposite of seven hundred dollars with the clerk of the court and his individual recognizance for three hundred dollars, conditioned as above, then the judgment for twelve months' imprisonment be stricken out and judgment suspended, with directions to the clerk to issue a capias whenever he shall misbehave or get drunk. If he is made to pay the three hundred dollar bond, he is now under to keep the peace, then, three hundred dollars of the one thousand dollars recognizance is to be remitted."

The defendant then paid the costs in the several indictments, entered into the recognizance in the required amount, and deposited seven hundred dollars in money with the clerk.

During the time the clerk was directed to retain the money paid into the office, the defendant executed a deed of mortgage conveying a tract of land with condition to secure the same

ends, and the mortgage having been given, proved and registered, the money, less the clerk's commission, was repaid to the defendant.

In October the defendant, while drunk, tore the back of the coat of a colored man, and was thereupon arrested under a capias issued by the clerk and put in jail. In a week thereafter he was released on depositing with the sheriff one thousand dollars to secure his appearance at the next ensuing term of the court.

The defendant appeared at this term and the presiding judge, construing the former action in the premises as a vacation of the sentence, and its suspension to await the defendant's observance of the conditions imposed, pronounced judgment for the re-imprisonment of the defendant for the same period of twelve months in the county jail. From this judgment the defendant appeals, and its lawfulness, under the circumstances, is presented for our determination.

Without adverting to the unusual exercise of judicial power, employed, not to repress crime, but to reform the moral habits of the convicted party; and without questioning the right of the Court, during a term, to correct, modify or recall an unexecuted judgment in a criminal, as well as in a civil case, it is manifest the defendant has undergone a portion, though an inconsiderable part, of his sentence, and has paid, as costs, a sum for which he was not liable, and the payment of which must be deemed a pecuniary fine, thus measured and ascertained. When punishment has thus been imposed and suffered, in whole or in part, can it be treated as a nullity so as to expose the offender to be again sentenced as if he had not been before, by vacating the judgment under which it was inflicted?

There must be restraint upon judical authority over judgments rendered during the term, in such cases, or the fundamental maxim *nemo debet bis puniri pro uno delicto* would be violated. Let us suppose a judgment for corporal punishment, such as formerly might here be rendered, and its prompt and full execution during a term, can the sentence be set aside and all

done under it annulled? The stripes upon the person, or the painful pressure of the stocks or pillory, with their attending humiliation, could not be effaced; nor could the officers that carry the sentence into effect be thus exposed to an action for assault and false imprisonment, at the instance of those who suffer, by an order vacating the judgment.

These results might be obviated and the *status ante quem* of the criminal restored, in case of a pecuniary fine alone imposed, by a return of the money; but they could not be, where imprisonment or other form of corporal punishment has been undergone. The subject is considered in *Ex-parte Lange*, 18 Wall., 163, cited in the argument of the appellant's counsel, wherein Mr. Justice Miller thus asks and answers the inquiry:

"If the judgment of the Court is that the convict be imprisoned four months, and he enters immediately upon the period of punishment, can the Court, after it has been fully completed, because it is still in session of the same term, vacate that judgment and render another for three or six months imprisonment, or for a fine? Not only the gross injusticce of such a proceeding, but the inexpediency of placing such a power in the hands of any tribunal, is manifest."

It is not necessary in the decision of this appeal for us to withhold from the Court the authority to sub-divide the term of imprisonment, at least with the assent of the convict, so that a portion of it may be suffered at one time and the rest of it at another, when in execution of a single judgment. But this is not the case before us. A second and new sentence is pronounced, in disregard of the first, and upon the supposition that in law it had been annulled and did not exist.

The legal effect of the record, according to our interpretation, is a *remission* of the rest of the imprisonment upon the terms and conditions which were accepted and carried into effect by the defendant; and hence the only redress open to the State, is in the enforcement of the securities taken, so far as they can be made available, and of this it is not now necessary, nor do we under-

take to express an opinion. At least it is error to proceed as in case of a suspended judgment. Let this be certified.

Error.                                                  Reversed.