## IN THE MATTER OF JOHN BRITTAIN.

*Habeas Corpus—Certiorari—Power of the Court over its Judgments.*

1. A writ of *habeas corpus* will not be issued when it appears on the face of the petition, that the petitioner is detained by virtue of the final judgment of a Court of competent jurisdiction.

2. A petition for *habeas corpus* must allege that the imprisonment has not been already adjudged upon a prior writ of *habeas corpus*.

3. A writ of *certiorari* as a substitute for an appeal, will not be granted when the applicant fails to give any excuse why he has failed to appeal, and when he shows no merits.

4. The Court has power, during a term, to recall, correct, or modify an unexecuted judgment, in a criminal, as well as in a civil case.

5. Where a prisoner was sentenced to twelve months imprisonment, and during the same term at which the punishment was inflicted, and after eight days of the time had expired, the Court changed the punishment to six months imprisonment; *It was held*, that the Court had power to so decrease the punishment, and the prisoner could not complain.

6. In such case, the time for which the convict is to be imprisoned begins from the day when he first went to jail, and so in this case, the six months must be shortened by the eight days.

(*State* v. *Warren*, 92 N. C., 825, cited, distinguished and approved).

This was an application to the Supreme Court for a *habeas corpus*, and also for a *certiorari*, heard at October Term, 1885.

The facts are fully set out in the opinion.

*The Attorney General,* for the State.

*Messrs. G. N. Folk* and *S. J. Erwin,* for the petitioner.

Smith, C. J.   The application of the petitioner, is for the two-fold purpose of obtaining the writ of *habeas corpus,* directed to John A. Lackey, sheriff of Burke county, in whose custody the prisoner is alleged to be, commanding said sheriff to bring his body before this Court, to the end that the lawfulness of his imprisonment may be inquired of; and also that a writ of *certiorari* may issue to the clerk of the Superior Court of that county, requiring, him to send up a transcript of the record of the proceedings in which the imprisonment was adjudged, that the same may be reviewed.

Upon an examination of the petition, we find two insuperable obstacles in the way of granting the writ of *habeas corpus.*

1. It states that the prisoner was sentenced to be imprisoned for a period of six months, upon his conviction for an assault and battery committed by him, and in pursuance thereof, was by said Court, committed to the custody of the sheriff, and is now undergoing said punishment.

The statute in express terms refuses the application in cases, " when persons are committed or detained by virtue of the final order, judgment or decree of a competent tribunal of civil or criminal jurisdiction."   The Code, §1624, par. 2.

2. The petition fails to allege " that the legality of the imprisonment or restraint has not been already adjudged upon a prior writ of *habeas corpus,* to the knowledge or belief of the applicant," as required by §1627, par. 4.

As an application for the writ of *certiorari,* it must also be denied.   Aside from the fact that no explanation is given of the failure to bring up the case by appeal when judgment was pronounced, we are clearly of opinion that the case made in the petition has no merits, and is entirely unsupported in the rulings to which we have been referred.   *Ex parte Lange,* 18 Wall., 163, and *State* v. *Warren,* 92 N. C., 825.

In the latter case, judgment of imprisonment was rendered at one term, and after partial confinement, the prisoner was called into Court, and as we interpret the record, the residue of the punishment remitted on certain terms, accepted and carried into effect by him. At the succeeding term, a new sentence of imprisonment was pronounced, as if none had been before, ignoring both that which had been suffered, and the fine that had been imposed and paid. This, it was decided, was in excess of judicial authority, and not warranted by law. But we said that in thus holding, we did not question " the right of the Court, during a term, to correct, modify or recall an unexecuted judgment, in a criminal or in a civil case."

Here an imprisonment was adjudged for one year, or rather for twelve months, when, after eight days' confinement, near the close of the term, he was brought into Court, and a part of the term of imprisonment *remitted*—that is, for the intervening space between that and the ensuing term, when he was required to enter into bond, (recognized, we suppose to be intended), to keep the peace meanwhile, and to make his appearance at the following term to undergo the residue of his sentence.

It would be very extraordinary if this form of mitigating a punishment during the sitting in which it was imposed, was to be denied the Court, and thus the sentence become irrevocable. Cannot the Judge remit part or even all of a fine? If so, is his authority to reduce the term of confinement to be denied?

It is not important what words are used to describe the judicial act, and whether, as called in the petition, it is the substitution of a new, in place of a previous judgment, the legal effect of what was done is a *remission of part of the term of imprisonment, and nothing more.* It may be, and such is the inclination of our opinion, that the confinement undergone, should, by that period, shorten the duration of the six months' imprisonment, or in other words, be counted as part of it. The application for both writs must be denied.

Denied.