## BRADFORD v. THE PEOPLE.

22 157
30 527

1. PRACTICE IN CRIMINAL CASES—RECORD—BILLS OF EXCEPTION.

A petition for a change of venue in a criminal case cannot be brought up for review except by bill of exceptions.

2. EVIDENCE—COMPARISON OF WRITINGS.

The rule of evidence in reference to the admission of writings for the purpose of comparison is the same in criminal as in civil cases.

3. SAME.

Where papers belong to the files in the cause, or have been received in evidence and are admitted to be genuine, either witnesses or jurors may compare them for the purpose of forming an opinion concerning the handwriting.

4. SAME.

A witness who has denied writing a document which is alleged to be a forgery, or has denied his signature thereto, may be called upon in cross-examination to write in open court, in order that the jury may make comparison of the writings.

5. INSTRUCTIONS, ORAL.

Instructions in a criminal case may be given orally, unless the court be requested to instruct in writing.

6. TERM OF IMPRISONMENT.

The term of a sentence to the penitentiary commences to run on the day on which the prisoner is received into that institution, and not from the day of sentence.

7. JUDGMENTS, MODIFICATION OF.

Generally judgments, orders and decrees of courts are under their control during the term at which they are rendered, and may be set aside or modified as law and justice may require.

*Error to the District Court of Arapahoe County.*

PLAINTIFF in error, John A. Bradford, was tried in the district court of Arapahoe county upon an information charging him with the crime of forgery.   In the first count it is charged in substance that he did falsely and feloniously make and forge a check of the tenor following, to wit:

"DENVER, COLO., Sept. 24th, 1892.   No._____

"THE PEOPLE'S NATIONAL BANK,

"Pay to the order of John A. Bradford, $24.60–100 *twenty-foure* _____ 60–100  dollars.

"HENRY JOHNSTON.

"(Endorsed John A. Bradford.)"

with intent to damage and defraud Henry Johnston, and some person to the district attorney unknown.

In the second count it is charged that plaintiff in error did, at the time and place mentioned, falsely and feloniously utter and pass the forged check described in the first count, with intent to cheat and defraud one Thomas F. Begley, the defendant knowing at the time that the check was a forgery.

A jury trial resulted in a verdict of guilty upon each count in the information. A motion for a new trial having been overruled, the district court, on the 28th day of January, 1893, sentenced the defendant to confinement in the state penitentiary at hard labor for a period of one year. Three days thereafter, to wit, the 31st day of January, 1893, the court of its own motion set aside the sentence rendered on the 28th day of January, and imposed a new sentence. Nominally, this latter sentence requires the defendant to be confined in the state penitentiary at hard labor for a period of one year upon each count in the indictment; but as it is specifically provided therein that the sentences shall run concurrently, the aggregate of the latter sentences is the same as the first.

To reverse the judgment of the district court the defendant brings the case here upon error.

Mr. N. Q. TANQUARY, for plaintiff in error.

THE ATTORNEY GENERAL, for the People.

CHIEF JUSTICE HAYT delivered the opinion of the court.

It appears from the record that after the case had been set for trial upon a number of dates and the trial upon each occasion continued, the case was finally set for trial upon the 18th day of January, 1892. Before the case was reached upon this latter date, the defendant interposed a petition for a change of venue. This petition was overruled, and this ruling of the court is challenged by plaintiff in error's first assignment of error; but as neither the petition for a change

of venue nor the affidavits filed in support thereof are preserved in the bill of exceptions, these papers are not before this court for review.

The statute in this state provides " that unless otherwise directed the practice in criminal cases shall be according to the course of the common law." The statute makes no provision for bringing up for review petitions for changes of venue except by bills of exception, and in no other way can such questions be saved for review. 2 Elliot's General Practice, sec. 503; Fitnam's Colorado Practice, sec. 597; *Van Houton v. The People, ante,* p. 53.

At the trial the defendant offered himself as a witness in his own behalf. Upon cross-examination he was required to write in the presence of the jury against the objection of his counsel, and this constitutes the second assignment of error discussed in this court. The law in reference to the admission of writings for the purpose of comparison is the same in criminal as in civil cases.

In *Wilber v. Eicholtz,* 5 Colo. 240, it was held that papers could not be introduced for the purpose of comparison merely, but where the papers belonged to the files in the cause, or have been previously received in evidence, and are admitted to be genuine, either the witnesses or jurors might make comparison for the purpose of forming an opinion concerning the handwriting. Although this is the general rule, it is well settled that where a witness has denied writing a document, which is alleged to be a forgery, or has denied his signature thereto, he may be called upon on cross-examination to write in open court, in order that the jury may compare such writing with the writing controverted. 2 Taylor's Evidence (4th ed.), sec. 1669; Wharton's Criminal Evidence, sec. 550; *Chandler v. Le Barron,* 45 Me. 544; *Sanderson v. Osgood,* 52 Vt. 309; *Huff v. Nims,* 2 Neb. 363; *Doe v. Wilson,* 10 Moore's P. C. 530; *Brooks v. Tichborne,* 5 Exch. 929.

The benefit of this kind of cross-examination is well illustrated in this case. The check alleged to have been forged was for the sum of twenty-four dollars and sixty cents ($24.60), the word " four" in the check having been written

"foure," and in the writing executed by the defendant upon the witness stand the same orthography is used.

In so far as the objection to this testimony is based upon the personal privilege of the witness, there are two sufficient answers: First, this objection must be made by the witness himself to be available; second, having offered himself as a witness in the case in his own behalf, he thereby waived the privilege.

The third assignment of error raises the question of the admissibility of the evidence of one Taylor, a witness for the state. This witness was introduced as an expert on handwriting. Taylor was examined with reference to his competency, and his answers were sufficient to satisfy the trial judge. We think there was no error in the ruling in this behalf. The weight of the evidence of an expert must be left to the jury, while its competency must be determined by the court. The witness Taylor testified that he was at the time " the individual bookkeeper at the People's National Bank;" that he had held the position for upwards of two years, and that as such officer he was daily required to examine handwriting; "that he should know in a minute whether a check was all right or not." We think that his answers show that his knowledge of handwriting was superior to the knowledge of the average juror, and that his testimony was competent.

Under the fourth assignment of error, counsel claim that the evidence is not sufficient to convict defendant in error. This conclusion is not, however, shared by this court. We think the evidence amply sufficient to warrant the verdict of the jury.

The fifth assignment of error is based upon the fact that the instructions of the court below to the jury were oral. This assignment is disposed of by reference to the statute, which permits instructions to be given orally, unless the state or the defendant requests the court to instruct in writing. Mills' An. Stats., sec. 1468. In this case the defendant expressly waived his right in this regard.

The instructions given, although brief, correctly state the

law of the case, and with sufficient fullness to be readily understood by the jury.

It is claimed, in conclusion, that the court erred in setting aside its sentence rendered on the 28th day of January, and giving a new sentence on the 31st. In support of this claim, it is urged that at the time the latter sentence was rendered the defendant had already been imprisoned on the former for a period of three days.

In cases where the defendant has entered upon the execution of a valid sentence, it is well established that such sentence cannot be set aside and a new sentence entered. The sentence in this case was for the full term of one year in the state penitentiary, and his incarceration in the county jail of Arapahoe county, temporarily or otherwise, could not be credited upon his term; it was simply a means to an end, in order that the defendant might not escape until he could be safely conveyed to and lodged in the state penitentiary. It was no part of his sentence under the statute, and the time so spent could not be deducted from his term, as it is provided that the term shall be computed from and including the day on which he is received into the penitentiary. Mills' An. Stats., sec. 3459.

If, however, the position of counsel for plaintiff in error is sound, which we deny, it would not authorize the discharge of the prisoner, for if the second judgment, which in terms sets aside the first, is void, then the first is still in full force and effect, and must be executed. As a general principle, however, the judgments, orders and decrees of courts are under their control during the term at which they are rendered, and "may be set aside or modified as law and justice may require." *Ex parte Lange*, 18 Wall. 163; 1 Bishop's Criminal Practice, 1298.

Finding no error in the record, the supersedeas heretofore issued will be vacated, and the prisoner remanded to the custody of the sheriff, in order that the sentence of the district court may be carried into execution.

*Affirmed.*