## GENERAL SESSIONS—NEW YORK.

### May, 1907.

## THE PEOPLE v. DANIEL SULLIVAN.

(54 Misc. 489.)

JURISDICTION—TRIAL—SENTENCE.

> The court in a criminal action is without power to revoke a sentence lawfully imposed and partly executed by the commencement of defendant's imprisonment thereunder for the purpose of imposing a heavier sentence.

MOTION to set aside a judgment of conviction. The opinion states the case.

William Travers Jerome, District Attorney, for motion.

Carl Fischer-Hansen, opposed.

CRAIN, J. This is a motion that a judgment rendered against Daniel Sullivan by this court on the 19th day of April, 1907, by which judgment the said Daniel Sullivan was sentenced to imprisonment in the penitentiary of the county of New York for a term of two months, be vacated and set aside, and that a judgment and sentence be imposed upon the said Daniel Sullivan of a different character and for a longer term, in the light of the record of said Daniel Sullivan, as disclosed in the affidavits upon which the motion was made.

A preliminary objection to the consideration of this motion on the merits is taken in behalf of the defendant, based on the contention that this court, after the pronouncement of sentence of imprisonment, is without power to revoke the sentence for the purpose of imposing a heavier one, where the sentence is itself lawful and has been, in part, executed by the commencement thereunder of the imprisonment of the defendant. I am re-

ferred to a number of cases in other States in which the question involved in this contention is discussed, and in some of which such power in the court is denied. I am referred to no case directly in point in this State; and, in the short time which has been at my disposal, I have been unable to find any.. The objection to the exercise of such power by the court is that, could it be exercised, a defendant, in violation of his constitutional rights, might be punished twice for the same offense—first, by undergoing imprisonment under the first sentence, and then by undergoing imprisonment under the second. This is the view taken by the Supreme Court of the United States in the case of *Ex parte* Lange, 18 Wall. 163. In the case of Gresham v. State, 19 Tex. 504, the court says on this point, at page 515: "But in criminal cases the power of courts over their judgments during the term at which they are rendered does not extend to cases where punishment has already been inflicted in whole or in part (*Ex parte* Lange, 18 Wall. [U. S.] 163): ' A conviction followed by an endurance of punishment will bar further prosecution for the same offense.' (Wharton Crim. Prac. & Pl., 8th ed., sec. 460, citing Comm v. Loud, 3 Met. 328; Comm. v. Keith, 8 Met. 531; Fritz v. The State, 40 Ind. 18.)

" In the judgment of conviction rendered in the county court and which was read as evidence by the defendant in support of his plea of former conviction, it is recited and ordered ' that he be remanded to the custody of the sheriff of Hunt County till such fine and costs are fully paid.' It was as stated a day or two after the rendition of this judgment that the Court of its own motion set it aside. It is but fair and reasonable to presume that in the interim between its rendition and attempted annulment and vacation the defendant had, according to its terms, either paid the fine and costs imposed or been held in custody by the sheriff in default of such payment. If so, in either event he had suffered some punishment under said judgment, and it was then beyond the power of the Court either to

set it aside, vacate, annul or change it in any substantial respect, unless at the instance or on motion of the defendant."

See to the same effect Brown v. Rice, 57 Maine, 55; 2 Am. Rep. 1, where the question is discussed at considerable length by Judge Kent; also State v. Davis, 31 La. Ann. 249; People v. Meservey, 76 Mich. 223, and People v. Kelly, 79 id. 320.

On these and other cases, I am inclined to the view that this preliminary objection is well taken and sustained by authority. This view constrains me to deny the present motion.

Motion denied.

### NOTE:—POWER OF COURT TO REVISE SENTENCE.

**DURING TERM.**

The general doctrine gleaned from the authorities is that the court may change or amend the sentence, either in form or substance, at the same term of court at which the defendant was convicted, and before execution of any part of the sentence; but after the expiration of the term of court, the judgment in fact pronounced by the court cannot be altered. Ex parte Casey, 18 Fed. 86; United States v. Harminson, 3 Sawy. 556; Jobe v. State, 28 Ga. 235; State v. Daughery, 70 Iowa, 439; State v. Hughes, 35 Kan., 626; Matter of Black, 52 Kan. 64; Com. v. Weymouth, 2 Allen (Mass.) 144; State v. Warren, 92 N. C. 825; Matter of Brittain, 93 N. C. 587; Lee v. State, 32 Ohio St. 113; Collins v. State, 39 Tex. Crim. Rep. 30; Ex parte Cox, 29 Tex. Crim. Rep. 84; Price v. Com. 33 Gratt. 819; State v. Davis, 31 La. Ann. 249.

" It seems to have been recognized as one of the earliest doctrines of the common law," said the court in Com. v. Weymouth, 2 Allen, (84 Mass.) 144, " that the record of a court may be changed or amended at any time during the same term of the court in which a judgment is rendered. It is said by Lord Coke, in Co. Litt. 260 a: " Yet during the term wherein any judicial act is done, the record remaineth in the breast of the judges of the court, and in their remembrance, and therefore the roll is alterable during that term, as the judges shall direct; but when that term is past, then the record is in the roll, and admitteth of no alteration, averment or proof to the contrary." This statement of the rule of law is substantially followed by subsequent text writers of high authority. Com. Dig. Rec-

ord, F. Bac. Ab. Sessions of Justices. 2 Gabbett's Crim. Law, 564. In 1 Chit. Crim. Law, 722, it is stated thus: "In case of misdemeanors, it is clear the court may vacate the judgment before it becomes matter of record, and may mitigate, or pass another, even where the latter is more severe; and the justices at sessions have the same power during the session, because it is regarded as only one day." That this power has been often exercised by the courts in England, is manifest from cases in which it appears that judgments and sentences, during the same term is which they have been entered, have been vacated, and others substituted, without doubt or question. Regina v. Fitzgerald, 1 Salk. 401. Turner v. Barnaby, 2 Ib. 567. The King v. Price, 6 East, 327. The King v. Justices of Leicestershire, 1 M. & S. 444. Darling v. Gurney, 2 Dowl. Pr. Cas. 101. The authority thus exercised is probably founded on the practice by which the record is not finally made up until the end of the term or session of the court, when "the roll," as it is called, is signed and returned. Until then, it remains in the control of the court, and no entry therein is deemed to be final or beyond the power of the court to amend or alter it, either for error or other sufficient cause."

"The extent of the punishment to be inflicted on the defendant," said the court, in Nichols v. United States, 106 Fed. 672, "within the limit prescribed by statute for the offense, rested in the sound judicial discretion of the court. The imposition of the first sentence did not put an end to the exercise of this discretion."

The power of the court over its own judgments, orders and decrees, in both civil and criminal cases during the existence of the term at which they are first made, was regarded in Ex parte Lange, 18 Wall. 163, as being undeniable.

If the sentence announced has not been entered of record and defendant is still within the bar, the court may reconsider the sentence given and impose a heavier one. Nichols v. United States, supra.

But after sentence has been imposed on one convicted of the charge of using opprobrious language, and the sentence has been reduced to writing, it was held in Meadras v. State, 96 Ga. 299, that the court should not change it and make the penalty more severe, simply because the counsel for the accused gave notice of his intention to move for a new trial. In rendering this decision the court expressly stated that the general doctrine as to the right of the court to revise sentence during term, was not repudiated.

The power of the court to revise its judgment and increase the

sentence imposed on one convicted on the charge of assault, during the same term after the original judgment has gone into effect, was denied in State v. Cannon, 11 Ore. 312.

The right of the court to shorten the term of sentence imposed at the term of court when such sentence was pronounced, was sustained in Matter of Brittain, 93 N. C. 587.

A certificate of conviction and sentence in the case of one convicted of assault, was held in People v. Jewett, 69 Hun, 550, not to be invalidated by the act of the judge in making out another certificate the following day, imposing a different sentence but which was withdrawn by him before any action was taken under the first.

## SUBSEQUENT TERM.

It is well settled that the court cannot correct the judgment which was in fact rendered after the term had passed, the power to change or amend the judgment being then confined to the court having appellate jurisdiction. Matter of Black, 52 Kan. 64; Whitney v. State, 74 Tenn. 247; Pfifer v. Com. 14 Gratt. (Va.) 710.

It was held in Matter of Newton, 94 Ala. 431, that the judgment of conviction of assault and for a fine and imprisonment, having been rendered at the February term, and an appeal taken thereon, the city court had no power to impose the alternative sentence to hard labor at the next term of court and after the affirmance of the judgment by the Supreme Court.

But upon a failure to pay costs, the court may at a subsequent term, sentence one to imprisonment for one year, who had been tried and convicted on the charge of embezzlement and sentenced to five years imprisonment, and after serving six days was brought before the court at the same term, and judgment suspended, upon his consenting to pay the costs of the prosecution, and the money which he had embezzled, but the court had no power to resentence him for his failure to return the embezzled money. State v. Whitt, 117 N. C. 804.

## AFTER SERVICE OF SENTENCE BEGUN.

In cases where the defendant has entered upon the execution of a valid sentence, it is well settled that such sentence cannot be set aside and a new sentence entered. Bradford v. People, 22 Colo. 157; Brown v. Rice, 57 Me. 55; People v. Whitson, 74 Ill. 20.

In Brown v. Rice, 57 Me. 55, it was held that the power of the court to revise or change the sentence terminated when the prisoner has

been convicted and sentenced and duly committed pursuant to the sentence. The court said: "It is clear that a judge cannot pass two sentences, to be in force at the same time. He cannot pass a sentence of imprisonment in the county jail for a specified time, and afterward add to it a sentence of years in the state prison, to take effect after the expiration of the first part of the sentence. . . . If these proceedings were legal, it would seem that this prisoner must suffer punishment under two distinct sentences for the same offense. If the judge could annul the first sentence as to its legality, afterward, he could not annul or restore the nineteen days of imprisonment suffered under it. If now he is to be sent to the state prison for three years more, not counting his time in jail under the first sentence, he certainly must suffer two distinct imprisonments under two distinct sentences, given at a considerable interval of time, for the same offense and under one indictment."

A police judge had no legal right, said the court in Anon. 7 Ohio N. P. 604, to bring the prisoner back from prison into court and impose a heavier fine on the same charge, as the judge had ample opportunity at the time of imposing his first sentence, to become conversant with the details of the case and fix the sentence accordingly, and so a subsequent fine could not be imposed on the prisoner and the only fine that he was bound by would be that first imposed.

Where the court adjudges that one convicted on the charge of assault, be fined and imprisoned, and the fine is paid and part of the term of imprisonment served, it was held in State v. Warren, 92 N. C. 825, that the court cannot, even at the same term, recall and suspend the judgment, and at a subsequent term sentence the prisoner again for the same offense.

The power of the court in a criminal case to revoke a sentence lawfully imposed and partly executed by the commencement of the prisoner's term thereunder, for the purpose of imposing a heavier sentence, was denied in People v. Sullivan, 54 Misc. 489.

But the doctrine that a sentence cannot be set aside and a new one entered, does not apply in a case where one convicted of forgery was sentenced on the 28th to a year in the penitentiary and confined in the county jail until the 31st, on which date he was brought into court and given a new sentence, since under a Colorado statute, a prisoner's term is computed from and includes the day in which he is received into the penitentiary. Bradford v. People, 22 Colo. 157.

In McGinn v. State, 46 Neb. 427, it appeared that one convicted on the charge of murder was sentenced to be executed on a certain day,

and until the arrival of that day, to be kept in solitary confinement; on the next day the sentence was set aside and a later day named for the execution of the sentence. The court held that the second sentence was not void on the ground that the punishment first imposed had been served in part, before the second sentence was pronounced, since the confinement was no part of the sentence.

And the appointment of another day for the execution of the death penalty, in accordance with a statute, when the first day appointed has passed during the pendency of an appeal, was held in Cramer v. State, 168 U. S. 124, as not being a denial of due process of law or in violation of the Federal Constitution.

The portion of the sentence of prisoners convicted of burglary, spent in jail while waiting to be taken to the penitentiary, was held in People v. Meservey, 76 Mich. 223, to be a part of the term to be served. In this case the prisoners while awaiting the execution of their sentence made an unsuccessful attempt to break jail, whereupon the sentences were vacated by the court and heavier ones imposed, under which they were confined in the state prison. In setting aside the sentence imposed, the Supreme Court said: "We also think that the original sentences had gone into effect, and that one day of the imprisonment at Jackson, under the sentences, had passed at the time the order was made vacating them. The circuit judge had no power at that time to vacate the sentences, because the authority over the prisoners had passed out of his hands by his own order." This case was followed as an authority in People v. Kelley, 79 Mich. 320.

## CORRECTION OF ILLEGAL SENTENCE.

The court may correct an illegal or erroneous sentence.

Thus, one who has been convicted on a criminal charge and sentenced, may be resentenced so that his term of imprisonment will expire between the month of March and the month of November, as provided by § 697, of the New York Penal Code. People v. Trimble, 60 Hun, 364, affirmed in 131 N. Y. 118; People v. Davis, 9 N. Y. Crim. Rep. 334, affirmed in 135 N. Y. 646 on opinion below; Miller v. Finkle, 1 Park. Crim. Rep. 374.

And a twenty year sentence to the penitentiary in a case in which a verdict would allow but ten years, may be corrected on motion, although the motion is not made until after the prisoner has served the time necessary to complete the ten year sentence. Matter of Channels, (Ky.) 100 S. W. 214.

In State v. Hughes, 35 Kan. 626, one convicted on the charge of

bigamy was inadvertently adjudged to confinement and hard labor in the penitentiary for six months, although the statute provided that no person can be sentenced to confinement or hard labor in the penitentiary for a term less than one year. Within an hour after sentence was pronounced, the attention of the court was called to the mistake, and the prisoner and his counsel being still in court, the case was again called, and the court sentenced the prisoner to imprisonment for a term of one year. It did not appear in the case that a formal order was made, setting aside the first sentence, but the court pronounced the second sentence upon the same verdict, stating in the record as a reason for its action that the statute did not authorize the judgment first pronounced. This was in fact a setting aside of the first judgment and the only formal judgment accorded in the case was the one under which the prisoner was sentenced to imprisonment for one year. The general rule that the records of a court may be corrected or revised at any time during the term at which the judgment was rendered, was held to be applicable to this case.

And in Matter of Graves, 117 Fed. 798, it was held that the court which had sentenced a prisoner to a house of correction, the warden of which would not receive him on the ground that under the state law he could not receive Federal prisoners for the term imposed, had power to recall the prisoner, set aside the sentence, and impose a shorter term in another house of correction.

A prisoner sentenced under a law which was not in effect when the crime was committed, may be resentenced under the law which was in force at the time. People v. Dane, 81 Mich. 36.

So, a court may in the exercise of its judicial discretion and in the furtherance of justice, at the same term and before the original sentence has gone into operation, or any action has been had upon it, revise and increase or diminish such sentence, in a case in which the court imposed sentence upon one convicted of the charge of selling intoxicating liquor, acting under a misapprehension of the facts necessary and proper to be known in fixing the amount of the penalty. Lee v. State, 32 Ohio St. 113.

### MODIFICATION OF PUNISHMENT ASSESSED BY JURY.

The court has no power to change the measure of punishment found by the jury in a criminal case, and sentence the defendant for a less term than that fixed by the jury. Cole v. People, 84 Ill. 216.

### ABSENCE OF PRISONER.

But the court may, in reducing to writing and signing a sentence during a term at which it was imposed, fix a term of imprisonment

and labor, shorter than that imposed in the oral sentence, although this was done in the absence of the accused, since it was an act for his own benefit. Plain v. State, 60 Ga. 284.

## ABSENCE OF COUNSEL.

The absence of the defendant's counsel at the time of the court's correction of an illegal sentence, was held in People v. Davis, 9 N. Y. Crim. Rep. 334, not to be any violation of sect. 8 of the New York Crim. Code, allowing the defendant counsel as in civil actions.