## JOBE *vs.* THE STATE.

Notwithstanding the court has pronounced its judgment in a criminal case, it is in the power of the court to change it before the same has been entered upon the minutes, especially when the court has been requested by the defendant to re-consider its sentence, with a view to its modification.

Indictment, from Catoosa county.   Tried before Judge CROOK, at November Term, 1858.

James S. Jobe, the plaintiff in error, was indicted for keeping and maintaining a lewd house.   Upon the return of the verdict of guilty, the presiding judge directed the solicitor general to take an order that defendant be fined twenty-five dollars, and imprisoned thirty days.   The presiding judge, at the request of defendant's counsel and one of his securities, to increase the fine and remit the imprisonment, and also not to permit the sheriff to place the defendant in jail that night, stated in open court that he should not interfere with the sheriff in the discharge of

his duty, but that he might do as he pleased in the matter, knowing his duty; but that he would consider the request to remit the imprisonment until morning.

On the following morning, the defendant being in court, the presiding judge stated that, upon reflection, he would not change the order he had given in relation to the sentence the evening previous. The defendant in the meantime was not confined in the jail, the order of the court not having been signed by the judge nor entered on the minutes of the court.

On the 20th November, the last day of the term of the court, the sheriff announced that the defendant had escaped. The court ordered the sheriff to call defendant, who failing to answer or appear, the court ordered the solicitor general to forfeit defendant's bond, and to draw an order fining defendant twenty-five dollars, and that he be imprisoned six months in the common jail of the county, if the sheriff deemed said jail sufficient to detain him; if not, that he be sent to the jail of Whitfield county.

To which order and sentence defendant's counsel excepted.

SPRAYBERRY & THATCHER, for plaintiff in error.

Sol. Gen. JOHNSON, contra.

By the Court.—LUMPKIN, J., delivering the opinion.

The only question in the case is, whether, before judgment of the court in a criminal cause is entered upon the minutes, and while it is yet under the control of the court, it is competent for the judge to change it?

We apprehend there can be no doubt of the power of the court to do so, especially when, as in this case, the court is solicited by the defendant to re-consider the sentence which it has orally pronounced, with a view to its modification.

Judgment affirmed.