## BOHLER *vs.* OWENS.

60 185
f112 916

1. Negligence, whether on the part of the inn-keeper or on the part of the guest, is equally a question for the jury. The court should not instruct them that the guest was bound to fasten a particular window of his room if he could have seen it by the use of ordinary diligence. Whether, under the circumstances, he was justifiable in assuming that there was no such window, or that it was kept fastened, are matters for the jury to determine, and not for the court.

2. Where the guest admitted that the loss occurred by his own fault, the jury should have been left to give such effect to the admission as they thought it deserved, and to settle its signification for themselves. It was error to instruct them that they might consider it in

two aspects, first, *as showing* a conscious omission to exercise proper care and diligence, or, secondly, as an admission that, from being affected by drink, he failed in the use of such care and diligence.

3. Though the verdict was what it ought to have been, under the evidence, a new trial is awarded in obedience to section 3248 of the Code.

Inn-keepers. Negligence. Charge of court. New trial. Before Judge CLARK. City Court of Atlanta. December Term, 1877.

Bohler brought case against Owens as the proprietor of the National Hotel, in the city of Atlanta, for the value of a watch and pistol, alleged to have been stolen from the former, through the negligence of the latter. The defendant pleaded the general issue. The evidence presented the following facts:

At about eleven o'clock of the night of January 19, 1875, plaintiff retired to his room, slightly under the influence of liquor, having taken since supper from three to five drinks. He was not drunk, but only affected to the extent that a man accustomed to drink would have been from the imbibing of that much liquor. A young man in the employ of the defendant conducted him to his room, on the second floor, saw him undress and place his watch and pistol under the pillow on the far side of the bed from the door, cautioned him to fasten the door and left. Plaintiff carefully fastened the door and retired, sleeping on the front side of the bed, which was double. Near the other side of the head of the bed was a window opening into the hall, which plaintiff did not observe, and therefore could not state whether it was fastened or not. It was the only window in the room, and was so constructed that a thief, having opened it, could take anything from under the pillow on that side of the bed without entering the room. It had fastenings. At about four o'clock the next morning, plaintiff was aroused by an unusual noise in the house. He turned up the gas and felt for his watch to ascertain what time it was. His watch and pistol were gone. He went to the

office of the hotel to report the fact, and found several other guests there for a similar purpose.

Plaintiff denied emphatically that he ever admitted to defendant, to McGhee, or to any one else, on the next day, or at any other time, that the loss was caused by his own negligence. Defendant and McGhee both swore that he did.

Defendant placed in evidence the following notice which was fastened on the inside of the door of plaintiff's room.

"NOTICE TO GUESTS OF THE NATIONAL HOTEL.

"Guests are requested to lock the doors upon leaving their rooms, and deposit the keys in the office, and to lock and bolt the doors on retiring. The proprietors will not hold themselves responsible for money, jewels, or valuable packages, unless deposited in the fire-proof safe in the office.

(Signed) Jas. E. Owens, Proprietor."

The jury found for the defendant. The plaintiff moved for a new trial upon the following, among other grounds:

1st. Because the court erred in charging the jury, "that it was the duty of plaintiff, as a guest, to lock or bolt the door and window to his bed-room, if such fastenings were attached to the same, provided they were satisfied, from the evidence, that he could, by the exercise of ordinary diligence, have seen or known of the existence of the window."

2d. Because the court erred in charging the jury, "that if they believed from the evidence, that plaintiff, on the next morning after his watch and pistol were stolen, admitted that the loss was caused by his own fault, then they might consider such admission in two aspects : one, as showing a conscious omission to exercise proper care and diligence in the preservation of his property, or, as an admission that from his being the worse for liquor he had failed to exercise proper care and diligence, so as to aid the jury in determining whether or not the loss was caused by the negligence or default of the plaintiff."

3d. Because the verdict was contrary to law and evidence.

The motion was overruled and plaintiff excepted.

E. N. BROYLES; JNO. B. REDWINE, for plaintiff in error.

E. P. HOWELL, for defendant.

BLECKLEY, Judge.

1. Negligence is a question for the jury. The charge of the court ought to trust the jury with the question. Why should not the judge think that the jury can discriminate between what is, and what is not, negligence? The jury had access to the proper sources of information, through their own observation and experience. Negligence is the omission of diligence; and diligence is not otherwise defined than by referring to the actual conduct of men in the management of their own affairs. The lowest grade of diligence conforms to the conduct of the man of common sense who is least attentive to his interest; ordinary diligence is measured by the conduct of the prudent man; extraordinary diligence by that of the *very* prudent and thoughtful man. Code, §§2061, 2062, 2063. It is a mistake to suppose that the judge is better informed concerning these things than the jury. On questions of fact, the jury are the chosen experts of the law.

2. When the guest admitted that the loss occurred from his own fault, the opportunity was excellent to contend in argument that the loss proceeded from the negligence of the plaintiff. But the defendant had no right to an intimation from the bench that the evidence might mean so and so. What it meant was for the jury.

3. Though the verdict was what it ought to have been under the evidence, a new trial is awarded in obedience to section 3248 of the Code.

Judgment reversed.