## PLAIN *vs.* THE STATE OF GEORGIA.

1. When several are charged together in the same indictment with the offense of assault with intent to murder, committed by throwing rocks and pieces of brick, and one of the accused is upon trial alone, evidence is admissible that he threw a rock or brickbat or both, though no concert or conspiracy between him and the other defendants is established. And the evidence is admissible, though the witness cannot be certain whether the missiles thrown were rocks exclusively, or brickbats exclusively, or one of each.
2. All the defendants in the bill may be principals in the first degree. The indictment alleging that they all threw rocks and pieces of brick, it means that each threw with his own hands, or else by the hands of the others under such circumstances as would render the throwing done by them his act, in law, as well as their own act.
3. Where the offense was not a simple assault, on any possible view of the evidence, no charge to the jury in respect to finding the prisoner guilty of a simple assault should be given.
4. A sentence to imprisonment and labor for five years, cannot be deemed cruel and excessive, when the period might legally have been extended to ten years.
5. In writing out and signing a sentence, during the same term of the court at which it was pronounced, the court may fix a period of imprisonment and labor shorter than that designated in the oral sentence; and this may take place in the absence of the prisoner, being done for his benefit, and operating altogether in his favor.
6. That the prisoner, after his sentence was duly pronounced, but before it was written out, signed and recorded, was sent away by the sheriff or jailer, on demand of the keeper of the penitentiary, was not the fault of the court, and furnished no reason for not mitigating the sentence and having it spread upon the minutes.

Criminal law. Evidence. Principals. Charge of Court. Sentence. Practice in the Superior Court. Before Judge UNDERWOOD. Polk Superior Court. August Term, 1877.

An indictment was found against Plain and others, the material portion of which was as follows : " Charge and accuse Perry Plain, Young Prior and Foster Peck, of the county and state aforesaid, with the offense of assault with intent to murder, for that the said Perry Plain, Young Prior and Foster ———, in the county and state aforesaid, on December 25th, 1876, did then and there commit an assault, and with two large rocks and with two large pieces of brick, the same being a weapon likely to produce death, which they in their hands then and there held, in and upon one Samuel Talbot, in the peace of God and said state then and there being, did then and there, unlawfully, wilfully, feloniously and of malice aforethought, make an assault, and the said rocks and pieces of brick did then and there throw and hurl at and against him, the said Samuel Talbot, with intent him, the said Samuel Talbot, then and there unlawfully, wilfully, feloniously, and of his malice aforethought, to kill and murder, contrary," etc.

The defendants severed, and Plain was first placed on trial. He pleaded not guilty.

In the course of the trial, the state proposed to prove by E. F. Gibson, that, at the time and place alleged in the indictment, he saw the defendant have a rock or brickbat in his hand, and that he threw it at and struck Samuel Talbot. To this evidence the defendant objected on the following grounds : 1st. That the witness could not testify disjunctively that it was a rock or brick ; that it must have been the weapon charged to have been used, and not one or the other of them. 2d. That the indictment did not state with sufficient certainty which one of the defendants had or threw the rock or brick ; that it did not charge that the defendant had it, or threw it at the prosecutor.

The objection was overruled and the evidence admitted.

The jury found the defendant guilty, and the court sentenced him orally to seven years in the penitentiary. A motion for new trial and in arrest of judgment was made, on the following grounds :

1st. Because the admission of testimony above stated was error.

2d. Because the indictment does not charge which one of the three defendants was principal in the first degree—that is to say, who was the actual perpetrator of the offense; and does not state who was principal in the second degree, or in what other character the other defendants acted, provided they took any part in said difficulty, it being impossible for all to have been principals, according to the facts charged.

3. Because after charging the law as to assault with intent to murder, and as to assault and battery, the court failed to charge the circumstances under which the jury might find the defendant guilty of an assault.

4. Because the punishment inflicted was cruel and excessive.

The sentence of seven years in the penitentiary was pronounced from the bench, in the presence of the defendant. Soon thereafter, before the sentence was written out, and before there was time to prepare the motion for a new trial and in arrest, the defendant was delivered by the jailer to the principal keeper of the penitentiary, on the demand of the latter. With this prompt delivery, the court had nothing to do. When the sentence was formally written out, in the absence of the defendant, the court reduced the term of imprisonment to five years.

The motion for new trial and in arrest was overruled. Error was assigned upon each ground taken in the said motion, and because the court erred in permitting the defendant to be delivered to the principal keeper of the penitentiary without written sentence, and in so short a time after he was convicted, and because the court erred in pronouncing the sentence, under which defendant is now in the penitentiary, in his absence.

TIDWELL & THOMPSON, for plaintiff in error.

C. T. CLEMENTS, solicitor general, for the state.

BLECKLEY, Judge.

1. An indictment against many is good against any one of them, without proof of concert or conspiracy, if the offense be such as that one could commit it alone. Assault with intent to murder is such an offense. Evidence was admissible that the prisoner then on trial threw a rock or a brickbat, or both. The doubt of the witness as to the character of the missiles was no reason for excluding the evidence. The indictment covered both rocks and pieces of brick. The witness was within it, though he could not be certain whether there was a rock and a brickbat, or whether there were two rocks, or two brickbats, thrown.

2. The indictment treated each defendant as a principal in the first degree, and there is nothing in the nature of the charge, or in the weapons used, or in the manner of using them, to render that relation impracticable. In alleging that each defendant threw rocks and pieces of brick, the indictment means that each threw with his own hands, or else by the hands of others, under such circumstances as would make the act of each the act of all. 36 *Ga.*, 222.

3. On any possible view of the offense under the evidence, it was not a simple assault. Of course, then, the refusal of the court to charge on that grade of violence was not error. 56 *Ga.*, 408.

4. The sentence might have gone up to ten years, but the humane tenderness of the judge restricted it to five years. The complaint of cruelty and excess is without the shadow of foundation, so far as we can see. 47 *Ga.*, 297.

5. After the sentence was orally pronounced in the presence of the prisoner and his counsel, the court, in writing it out and having it recorded, mitigated it, so as to make the term of imprisonment and labor in the penitentiary shorter than that designated in the oral sentence. This was done in the prisoner's absence; but it was a boon to him. Compare 28 *Ga.*, 235; 18 Wall., 163.

6. The ministerial officer, whether sheriff or jailer, had

no right to send the prisoner away, before his sentence was written out and recorded, though he was demanded by the keeper of the penitentiary; but the court was in no way implicated in the irregularity, and the officer's misconduct or inadvertance furnished no reason for not mitigating the sentence and having it spread upon the minutes of the court.

For fear of misapprehension, we will add, that it is not a safe practice to take action in a criminal case without the accused and his counsel are both present. Even when a benefit is intended, the effect may not be altogether beneficent; and no other eyes are so keen in discerning possible detriment, as those of the man who is to undergo punishment, and the counsel who bears upon his conscience the weight of his client's case.

Judgment affirmed.