## MILLER *v.* THE STATE.

'There being some evidence connecting the accused with the burglary, and the trial judge being satisfied with the verdict, this court will not control his discretion in refusing a new trial.

February 20, 1893.                                    *Judgment affirmed.*

Before Judge MARTIN. Talbot superior court. September term, 1892.

After conviction of burglary, the defendant excepted to the overruling of his motion for a new trial, the sole grounds of the motion being, that the verdict was ·contrary to law and evidence. There were three witnesses for the State. The defendant introduced no evidence, and made no statement, so far as appears. The evidence shows the following:

McDaniel's mill-house was broken open and entered ·on the night of Wednesday, July 22, 1892. Edwards lived at the mill, and was attending to it. He closed the mill-house before leaving on Tuesday evening, and

locked it with a chain and lock. When he went back next morning, the lock was not in the chain as he left it. He could not say whether or not it was locked, as he put in key and turned it without noticing. He had several things taken from the mill-house. When he entered Wednesday morning, he missed 50 pounds of meat, 3 bushels of meal, 3 bolts of calico, some flour, cigars, tobacco, suspenders, scissors and other little things. These things were all his, and were worth about $25; they were all in the mill-house when he locked it the evening before. He found an unusually small mule-track which he followed thirty yards from the mill, and found on the ground some flour or meal. A boy whom he learned was the defendant had been to the mill on the Monday before, to buy meal, and was on a dark colored mule. Many other mules went to mill during the week. The defendant lived about five miles away. He was at McDaniel's mill about an hour by sun on Monday. There are two or three other mills in the neighborhood, some closer to him than McDaniel's. There are several small mules that frequently come to the mill, but this was the smallest mule-track that Edwards ever saw. He got back a lot of the stolen goods; they were brought to him by McDaniel and Willis. He got some of the meat; knew it was his by the length of the ribs and the way they were cut. Also found about 20 yards of sea island cloth; this was in the mill the night before the breaking, and was stolen out. When he got it the cloth had been made up into two sheets, a shirt, and a small remnant was left; had dust of meal on it. He never got the calico back, but several little scraps were brought to him, and the print on them was the same as on the calico he lost. He never sold the defendant anything. He swore out several warrants and carried them to Willis to execute. On Saturday after the breaking, Willis and McDaniel

searched two or three houses before searching defendant's; found nothing in his house except some spool thread and a little flour which were not exhibited to Edwards. About thirty feet in the rear of defendant's house they found meat in a clump of bushes, and in the woods about sixty or seventy yards from the house they found a bushel and a half of meal in a sack, and there picked up little scraps of calico. Saw a little mule's track to and from the place where these things were found. Defendant was plowing in a field with a small mule. They did not go to him. He left his plow when he saw them; he "skipped." There are several negro cabins from one to four hundred yards from defendant's. There is no horse-lot at his place. There were mules in a lot at another place near by. No tracks of any kind were found between defendant's house and the place where the goods were found. These goods were claimed by Edwards as his.

WILLIS & PERSONS and J. H. McGEHEE, by J. H. WORRILL, for plaintiff in error.

S. P. GILBERT, solicitor-general, and A. A. CARSON, by brief, contra.