## SANDERS *v.* NICOLSON.

1. Where the lender of money is a lawyer, and in addition to the highest legal rate of interest the borrower pays to him an additional sum which he claims was by way of compensation for professional services rendered to the borrower in looking after the proper cancellation of a pre-existing lien upon the property pledged as security for the payment of the loan, and in passing upon the sufficiency of the borrower's title, but which, according to the borrower, was paid as a part of the consideration of the loan itself, and the arrangement for the payment of professional services was a mere scheme or device to evade the statute against usury, the question as to whether the transaction was usurious was one of fact, dependent upon the intention of the parties.

2. If the sum was paid bona fide by way of compensation for professional services so rendered by the lender, and did not enter into the consideration moving the lender to make the loan itself, the transaction was not usurious; otherwise, if it did enter into and become a part of the consideration of the loan, and the arrangement between the parties was merely a colorable transaction, being in reality a scheme or device to evade the statutes against usury.

3. In such a case an instruction to the jury in the following language: "It appears from the evidence that the plaintiff performed some service for the defendant, in addition to that of passing the title to the property on which he loaned the money to him, that is to say he performed some service, it does not appear what, in having a previous mortgage cancelled; and I think this would entitle him to charge the fee which he charged and would thus not make the contract usurious," was error, because it was an expression of an opinion by the trial judge upon a matter of fact as to what had been proved upon the trial; and such an error, according to the provisions of section 4334 of the Civil Code, renders the grant of a new trial imperative, without reference to the correctness of the verdict.

Argued June 15, — Decided July 10, 1897.

Complaint on note.    Before Judge Norwood.    City court of Savannah.    November term, 1896.

On January 20, 1896, suit was brought upon a promissory note dated March 25, 1893, due three years after date, for $600, with interest at eight per cent. per annum, payable

every first of July and January. To secure the payment of this note defendant gave to the plaintiff a deed of the same date, conveying certain realty in Savannah, and covenanting that in case of failure to pay interest for ten days after it should become due, the plaintiff might demand payment of the entire sum, principal, interest and costs; also agreeing, in case of default, to pay attorney's fees of ten per cent. The defendant pleaded usury. It appeared from the evidence, that the plaintiff was applied to by the defendant for a loan of $600, and at defendant's instance paid out various amounts to different parties, the largest of these payments being to take up a mortgage already outstanding upon the property conveyed by the deed above mentioned. The aggregate of the sums so paid out at defendant's instance, and directly to him, was $575. The other $25 was reserved by plaintiff, who is an attorney at law, as a fee for professional services in examining the title to the property, drawing the deed, taking up and cancelling the mortgage; and was a reasonable fee for such services. Plaintiff testified that no instance could be shown where the borrower had not paid the expense of a loan. The court charged that the retention of the money under the facts would not make the loan usurious. This is the ruling complained of.

George W. Owens, for plaintiff in error.
Samuel B. Adams, contra.

ATKINSON, J. The propositions stated in the first two headnotes require no elaboration. The charge excepted to, as set out in the third headnote, is a clear expression of an opinion upon the weight of evidence. It determines judicially a question of fact which should have been left to the jury; and whether that fact was properly determined or not by the judge, this court, according to the provisions of section 4334 of the Civil Code, is without discretion to withhold a judgment reversing a refusal to grant a new trial upon an exception based upon this instruction to the jury.

*Judgment reversed. All the Justices concurring.*