LANCASTER *v.* THE STATE.

No. 6751.   APRIL 10, 1929.   REHEARING DENIED MAY 22, 1929.

*Paul S. Etheridge, John F. Echols, Aldine & Hewitt W. Chambers, H. J. McBride, Alexander & McLarty, Chauncey Middlebrooks,* and *Peek, Randolph & Henson,* for plaintiff in error.

*John A. Boykin, solicitor-general, J. W. LeCraw, E. A. Stephens,* and *John H. Hudson,* contra.

GILBERT, J. ■ The practice is general in this State that motions for new trial are heard and determined without the hearing of oral evidence thereon. Conceding, for present purposes, that a trial judge may, in his discretion, hear oral evidence in order to determine whether he will grant or refuse a new trial, in the present case no error is shown from the refusal to cause a witness to be brought before the judge for oral examination on the hearing of such motion.

■ A ground of the motion for new trial complains that the court admitted, over objection of counsel for the defendant, the testimony of John H. Hudson, a witness for the State, relative to an affidavit made by a former witness and turned over to Hudson,

the objection being that "the State could not go into parol testimony to bolster up" said affidavit. Hudson testified, in substance, that he was an assistant to the solicitor-general, and took the affidavit from John Lowe; that its contents were voluntarily revealed; that Hudson committed it to writing, read it over to Lowe, and administered to him an oath as to its truth; that afterwards he probably made one or two verbal changes to more accurately conform to what Lowe had declared, but before Lowe signed it. This ground fails to show in what connection or for what purpose the affidavit was offered. The burden is upon movant to show error, and none is shown in this ground.

■ The court did not err in refusing to admit testimony of a physician in response to a hypothetical question which, in effect, elicited an expression of opinion on the question of consent to the act. This was a jury question.

■ During the trial the jury were sent from the court-room pending examination of a witness, presumably to determine the admissibility of evidence. When the jury had returned, the court ordered the sheriff "to allow the public to re-enter the court-room." The defendant assigns error upon this order permitting spectators to re-enter the court-room, "after having been excluded during the absence of the jury," on the ground that "it might have some inflammatory effect upon the jury." No error is shown. All trials are normally and properly open to the public, except where, in the court's discretion, the evidence tends to debauch the morals of the young. Civil Code (1910), § 5885. Under neither the constitution nor the statute laws of Georgia is it ever reversible error for a trial judge, in his discretion, to allow the public to occupy seats in the court-room as long as their conduct is orderly, peaceful, and does not tend to obstruct justice.

■ Another ground of the motion complains that the court erred in permitting the jury to leave the court-room, accompanied by two deputy sheriffs, and proceed to the building in which the offices of defendant were located, to ascertain whether a person in a private office could be seen from another room through a frosted-glass door; the motion reciting that this was done with consent of counsel on both sides, but that it was error nevertheless for the court to permit the jury to consider physical facts outside the presence of the court. The following colloquy is recited: Coun-

sel for defendant: "Will your honor let the jury go up there and see that glass?" The court: "With consent of counsel, I will." Counsel for defendant: "I will be delighted, your' honor." The motion shows this action on the part of the court was with the consent of counsel for the defendant, and therefore it was not error to refuse a new trial on this ground.

■ Under the evidence the court did not err in charging the jury as follows: "Flight, if any, and similar acts, if proved, from which an inference of guilt may be drawn, may be considered by the jury; but flight is subject to explanation. The weight to be given it, or whether the jury will draw an inference of consciousness of guilt, or not, is for the jury. It is for the jury to determine whether the flight of the defendant, if any such has been proved, was due to a sense of guilt or to other reasons. If for other reasons, no inference harmful to the defendant must be drawn by the jury."

■ The following charge to the jury was not erroneous as against the movant, for any reason assigned: "A man can not be convicted of the offense of rape on the testimony of· the female alone. There must be some evidence tending to corroborate the female's testimony; and the defendant, Lancaster, in this case, should not be convicted on the testimony of Miss Arnold alone, however positive she may be,·unless there are some concurrent circumstances tending to corroborate her testimony. The State contends that her testimony has been corroborated by proof of bruises upon Miss Arnold, by proof of injury to her private organs, by proof of her good character, by proof of complaint to her parents as soon as she reached home, and other circumstances. Whether this proof has been made, or whether her testimony has been corroborated by any concurrent circumstances, is a question solely for the jury to determine."

■ It was not error for the court to instruct the jury as follows, for any reason contended by plaintiff in error: "In the prosecution of this offense, the fact of the girl having made complaint, if any has been proved, soon after the alleged assault took place; is evidence; but the details or particulars of her complaint can not be gone into or considered by the jury. While delay in making complaint of an alleged criminal assault will ordinarily afford ground for discrediting the female as a witness, such delay

may, in a given case, be satisfactorily explained to the jury. It is the jury's sole and exclusive function to determine whether or not the female is to be believed. On this question it is for you to determine whether a complaint, if any was made; and if so, was the delay satisfactorily explained." *Allen* v. *State,*. 140 *Ga.* 479 (79 S. E. 29) ; *Hamilton* v. *State,* 143 *Ga.* 265 (2) (84 S. E. 583) ; *Thomas* v. *State,* 144 *Ga.* 298 (4) (87 S. E. 8).

No error is shown with regard to the following charge of the court: "Rape is not complete if the element of force is lacking, although the sexual act may have been done against the will of the female. It must not only be against her will, but force must be used to overcome her resistance and her will. If she consents to the sexual act at any time, the crime of rape can not be found against the defendant. There can be no rape if there was any kind of consent."

The court did not err in giving the following instruction, for any reason assigned by the movant: "The defendant, Lancaster, admits that he had sexual intercourse with Miss Arnold at the time alleged in the indictment, but contends that she consented to it. On the other hand, the State and Miss Arnold herself deny that she consented, and the State insists that said intercourse, if any, was accomplished while she was unconscious, and that it was done without her consent and against her will."

The following instruction of the court to the jury is not shown to have been erroneous: "If you believe and find from the evidence submitted to you in this case that the defendant now on trial had carnal knowledge of Miss Arnold, and that at the time she had fainted and lost consciousness, and not consenting or having given the defendant reason to believe she consented, and the sexual connection was against her will, you would be authorized to find that the act was one of rape."

The remaining grounds of the motion for new trial are not of such character as to require special mention, nor do they show error.

The verdict is supported by evidence. Compare *Gore* v. *State,* 119 *Ga.* 418 (46 S. E. 671, 100 Am. St. R. 182) ; *Brown* v. *State,* 138 *Ga.* 814 (76 S. E. 379) ; *Smith* v. *State,* 161 *Ga.* 421 (131 S. E. 163). *Judgment affirmed. All the Justices concur.*

RUSSELL, C. J., specially concurring. I concur in all of the

478

rulings of the court, except that I do not agree to the implication to be drawn from the language of the 7th division, that corroboration is necessary to support the testimony of a virtuous female alleged to have been raped. In my opinion no such corroboration is necessary, as I have heretofore held in similar cases.