WRIGHT *v.* THE STATE.

No. 16941. MARCH 14, 1950.

*C. O. Purcell,* for plaintiff in error.

*Eugene Cook, Attorney-General, R. L. Dawson, Solicitor-General, Frank B. Stow, Assistant Attorney-General,* contra.

HEAD, Justice. ■ Willie Mae Wright was indicted for the murder of Hartridge Mercer, and was found guilty with a recommendation of mercy. The evidence disclosed that the deceased died from a knife wound in or near the heart. The defendant

admitted the homicide, but contended that she acted under reasonable fears for her own safety. The evidence was sufficient to authorize the jury to find the defendant guilty of the offense of murder.

■ The amended ground of the motion for new trial asserts that the court erred in giving the following charge to the jury: "I charge you in connection with this case, gentlemen of the jury, the law of reasonable fears. If a person, as a reasonable man under the circumstances as they then exist, really believes his own life to be in danger and acting on such reasonable fears and for no other reason than to protect himself, he kills a person whom he thought he was in danger from, such killing would be wholly justified although the jury may not believe the killer was in any danger at all. If the circumstances were sufficient to and did arouse the fears of the defendant on trial for her own safety and those fears were the fears of a reasonable man 'and not those of a coward or child, then such fears would be real to the defendant and she would be justified in defending against what she thought was immediate danger." It is insisted that this instruction was misleading to the jury, in that it restricted them to a consideration of the "fears of a reasonable man," whereas the defendant is a woman. It is also contended that the charge placed a greater responsibility on the defendant than the law contemplates, because the deceased was a man, and the defendant a woman, and under the circumstances as shown by the evidence and the defendant's statement, the reasonable fears of a man being attacked by a man would have been altogether different from the fears of a woman being attacked and assaulted by a man.

This assignment of error is without merit. It is evident from all the language of this portion of the charge that the word "man" is used in its generic sense, as such word is used in the Code, § 26-1012 (which enunciates the principle of law charged by the court). It may be assumed that a jury of average intelligence would take into consideration the defendant's sex in applying the court's charge on the law of reasonable fears. If the defendant had desired that special attention be called to her sex in determining whether the circumstances were sufficient to excite her fears as a reasonable person, she should have made a proper re-

 

quest for such a charge. See *Anderson* v. *State*, 117 *Ga.* 255 (3), 257 (43 S. E. 853); *Hightower* v. *State*, 14 *Ga. App.* 250 (80 S. E. 684).

<div align="center">

*Judgment affirmed. All the Justices concur.*