ROBINSON *v.* THE STATE.

No. 17196.   OCTOBER 11, 1950.

338

*Claude V. Driver* and *Willis Smith*, for plaintiff in error.

*Eugene Cook, Attorney-General,* and *J. R. Parham, Assistant Attorney-General,* contra.

HEAD, Justice. ■ Ground 1 of the amended motion for new trial assigns error on the failure of the court, without a written request, to instruct the jury on the principle of law set forth in the Code, § 38-121. Whether or not the language which the defendant contends should have been charged would be a correct statement of the law, this ground of the amended motion is without merit. The State did not rely entirely upon the evidence of Bradford to connect the defendant with the offense charged; and, in the absence of a timely written request, it was not error for the court to fail to instruct the jury as to corroboration of an accomplice. *Robinson* v. *State,* 84 *Ga.* 674, 678 (11 S. E. 544); *Cantrell* v. *State,* 141 *Ga.* 98 (3) (80 S. E. 649).

■ Grounds 2, 3, and 4 assign error on extracts from the charge of the court. It is not contended that the excerpts forming the basis of the defendant's complaints in these grounds of the motion are not sound as abstract principles of law. When the excerpts attacked by these grounds are considered in connection with the entire charge, reversible error is not shown.

■ Ground 5 assigns error on the charge of the court with reference to the law pertaining to a conspiracy; it being contended that the charge as given was an expression or intimation of an opinion by the court that a conspiracy had been proved,

that this was harmful, prejudicial, misleading, confusing, and injurious to the defendant, and that the charge was not authorized by any evidence or circumstances in the case. The particular part of the charge assigned as error is as follows: "Now, gentlemen, it is contended on the part of the State that the defendant entered into a consipracy with other named persons for the purpose of seeing that the crime was committed. *That may have been shown to you, that is, that they conspired together or agreed to enter the enterprise of committing the robbery as alleged in this case.*"

It is error for a judge of a superior court in any case to express or intimate an opinion as to what has or has not been proved, and in case of violation by any judge of this provision of the Code section, it is made the duty of the Court of Appeals and this court to reverse the decision in such case. Code, § 81-1104.

In *Phillips* v. *Williams*, 39 *Ga.* 597, it was held: "The statute [Code, § 3183, now § 81-1104], which is imperative and must be obeyed, denies to the Supreme Court the discretion in this matter in sustaining a verdict rendered in accordance with the justice of the case, which it has in other cases, of immaterial errors in the charge of the judge in the court below." In the body of the opinion it was said, "The only question for us to consider is, did the judge express or intimate an opinion, as to what had or had not been proved. If so, a new trial must be granted."

In *Bohler* v. *Owens*, 60 *Ga.* 188, it was held that, although the verdict was what it ought to have been under the evidence, a new trial would have to be awarded in accordance with the requirements of the statute (now § 81-1104), where the judge made "an intimation from the bench that the evidence might mean so and so." See also *Sanders* v. *Nicolson*, 101 *Ga.* 739 (28 S. E. 976); *Patterson* v. *State*, 181 *Ga.* 698, 708 (184 S. E. 309).

The above language from the charge of the court in the present case, set out in italics, unquestionably intimated an opinion by the trial judge that a fact essential to the conviction of the accused had been established by the evidence, and would require the grant of a new trial.

■ Grounds 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 17, 18, 19, and 20, assign error on the admission of the testimony of named witnesses as to alleged statements or declarations of Carrigan, Bradford, and Bishop, over timely and appropriate objections of counsel for the defendant.

"After the fact of conspiracy shall be proved, the declarations by any one of the conspirators during the pendency of the criminal project shall be admissible against all." Code, § 38-306.

"The criminal conspiracy can not be shown by declarations of alleged conspirators, not in the presence of, and without the knowledge of, others sought to be bound thereby; but must be established by aliunde proof sufficient to establish prima facie the fact of conspiracy between the parties." *Wall v. State,* 153 *Ga.* 318 (112 S. E. 142).

"The law does not permit proof of declarations and acts of an individual who is alleged to be a co-conspirator of the defendant on trial for the purpose of proving the fact of a conspiracy, but requires that the existence of the conspiracy be proved by legal and proper evidence; and when this is done the declarations and acts of a co-conspirator made during the conspiracy are admissible against the defendant." *Lanier v. State,* 187 *Ga.* 543 (1 S. E. 2d, 405).

In this case, none of the alleged statements and admissions of Carrigan, Bradford, and Bishop were made in the presence of the defendant (see the Code, § 38-409). The other evidence introduced was not sufficient to establish prima facie the fact of a conspiracy between the actual perpetrators of the crime and the defendant; and, under the rule stated in *Wall v. State,* supra, and *Lanier v. State,* supra, the testimony of witnesses as to alleged statements of Carrigan, Bradford, and Bishop was erroneously admitted.

■ Ground 16 assigns as error the admission of the testimony of E. G. Fitzgerald, Assistant Chief of Police of Fulton County, in explaining the meaning of the term "casing." No injury is shown to the defendant by the admission of this testimony.

■ Grounds 20 and 21 assign error on the admission of certain testimony after the defendant had made his statement; it being contended that the testimony admitted was not in rebuttal of anything said by the defendant. The testimony of

the two witnesses assigned as error was introduced to show facts and circumstances tending by inference to contradict the defendant's statement that he was innocent of the crime charged, and the admission of this testimony was not error for any reason assigned.

■ It is strongly urged by counsel for the defendant that a new trial should be granted on the general grounds. The contention of counsel for the defendant, that there can be no conviction in a felony case upon the testimony of an accomplice unless it is corroborated by other evidence connecting the accused with the crime charged, has long been the rule in this State. *Childers* v. *State*, 52 *Ga.* 106; *Blois* v. *State*, 92 *Ga.* 584 (20 S. E. 12); *McCrory* v. *State*, 101 *Ga.* 779 (28 S. E. 921); *Taylor* v. *State*, 110 *Ga.* 151 (35 S. E. 161).

If, upon another trial, competent evidence is introduced sufficient to establish prima facie the fact of a conspiracy participated in by the defendant, it will then be a question for a jury to determine whether or not the defendant is guilty of the crime charged. For this reason no ruling is made upon the general grounds of the motion for new trial.

*Judgment reversed. All the Justices concur.*