40743. GOLDSTEIN v. KARR.

DECIDED DECEMBER 3, 1964—REHEARING DENIED DECEMBER 14, 1964.

*Lokey & Bowden, Hamilton Lokey, Arnall, Golden & Gregory, H. Fred Gober,* for plaintiff in error.

*Sheats, Parker & Webb, John Tye Ferguson, Paul Webb, Jr., James McDaniel,* contra.

BELL, Presiding Judge. ■ Special ground 4 of plaintiff's motion for new trial assigns error upon an excerpt from the court's charge to the jury. The objections are based in varying

phraseology on the ground that the excerpt eliminated the comparative negligence rule from the jury's consideration. It is, however, unnecessary for us to rule upon these contentions as the following appears in the trial court's certificate of approval of the charge: "At the conclusion of the charge, and immediately after the jury had retired, counsel for defendant and counsel for plaintiff approached the bench and counsel for defendant raised the question whether or not the court had sufficiently charged the jury on the issue of comparative negligence. The court offered to recall the jury and give the jury a charge on comparative negligence unless both counsel would waive the further charge on comparative negligence. Both counsel, having expressly waived said charge on comparative negligence, the court did not recall the jury."

The court had charged on comparative negligence to a degree. We cannot say as a matter of law that the additional charge on the principle contemplated by the court and waived by counsel would not have eliminated the subject matter of the plaintiff's complaints. The express waiver made at the trial by the parties is binding on them and neither can urge as error in a motion for new trial substance which the waiver embraced. *Greenway v. Sloan,* 211 Ga. 775, 776 (2) (88 SE2d 366).

■ Ground 5 complains of the following excerpt from the court's charge to the jury: "One who is rightfully using the highway or street has a right to the use thereof which is superior to that of one who is violating traffic regulations, and in the absence of knowledge, she is not required to anticipate that some other user will unexpectedly violate the law or rule of the road and create a situation of danger."

This special ground of the motion obviously relies on the ruling of this court in the case of *Bennett v. George,* 105 Ga. App. 527, 529 (6) (125 SE2d 122). Indeed the wording of the ground itself skillfully tracks the language used by Judge Hall in the *Bennett* case. However, the ground does not show evidence of a stature comparable to that with which Judge Hall dealt. On the contrary, the evidence to which this ground points does not show circumstances sufficient to create a jury question of the kind considered in *Bennett*. Here, the "circumstances" shown by the

ground were not enough to give warning to the defendant and place upon her a duty to anticipate negligence by another driver. In this status the excerpt from the trial judge's charge was not incomplete and he was not required to take the second step as in *Bennett* and explain "that whether circumstances were such as to warn a driver that another might fail to obey the law, or such that a driver in the exercise of ordinary care could assume that another will obey the law, was a question for the jury."

Another contention presented in special ground 5 is that the court by the use of the pronoun "she" expressed an opinion as to who was and who was not at fault. Plaintiff is a man and defendant is a woman.

There is no merit in this contention.

There is uncontradicted evidence in the record that the plaintiff was indeed in violation of a city ordinance by passing to the right of another vehicle which at the time was stopped at the intersection. In this status of the evidence, even if the statement constituted an opinion of the court (which we do not decide), it was not erroneous. When a fact is proved by undisputed evidence, it is never error for a trial judge to assume or intimate that the fact is proved. *Fitzgerald Cotton Oil Co. v. Farmers Supply Co.*, 3 Ga. App. 212, 216-217 (3) (59 SE 713); and see *Code* § 81-1104 and numerous annotations, catchwords "Undisputed facts."

With respect to the court's use of masculine pronouns in preceding and following portions of the charge, each of these was used merely in the generic sense and did not amount to an expression of opinion. See *Code Ann.* § 102-102 (3); *Hightower v. State*, 14 Ga. App. 246, 250 (3) (80 SE 684); *Wright v. State*, 206 Ga. 644 (58 SE2d 181).

The trial judge elsewhere in the charge submitted to the jury the issue whether defendant was driving in violation of certain traffic regulations, and the judge expressly cautioned the jury on more than one occasion that they should not take anything he said as an expression of opinion on the facts as all evidentiary matters were addressed entirely and exclusively to the jury. Under the circumstances in this case the charge is not subject to the objection that the court expressed opinions as to who was

and was not at fault. "Where it is contended in a special ground of the motion for new trial that an excerpt from the charge of the court is error as containing an expression of opinion on what has been proved, the excerpt will be considered in its context and with the charge as a whole, including a statement of the court that nothing he has said should be construed as an expression of opinion on his part." *Imperial Investment Co. v. Modernization Construction Co.*, 96 Ga. App. 385 (1) (100 SE2d 107).

■ Special ground 6 complains that the trial judge erred in charging the jury that *Code Ann.* § 68-1636 and § 30.41 of the Code of the City of Atlanta are substantially similar. A comparison of these two statutory provisions does in fact reveal them to be identical, with the single exception that the city ordinance goes one step further than the State statute by including an additional requirement as a condition for the permissible overtaking and passing on the right side of one vehicle by another. This additional requirement is that "visible traffic lines are marked on the pavement." Obviously, the charge could not have been harmful to the plaintiff, for by interpreting the instruction as excluding the additional requirement of the ordinance, is to show a benefit to the plaintiff of one less standard of conduct to meet. Interpreting the instruction to include the additional requirement of the ordinance is neither to harm nor to benefit the plaintiff but is to apply to his conduct the standard required.

Special ground 8 objects also to the trial court's description of *Code Ann.* § 68-1651 and § 30.48 of the city code as being "substantially similar." A comparison in juxtaposition of these provisions reveals that they are indeed precisely as the judge described them. The burden imposed by the portion of the city code in evidence is merely repetitious of the burden imposed by the State statute.

The trial judge did not err in overruling special grounds 6 and 8 of the motion for new trial.

■ Ground 7 of the plaintiff's motion for new trial complains that the trial judge erred in charging, in effect, that "§ 30.41 of the City Code of Atlanta reads substantially" the same as *Code Ann.* § 68-1651. This charge was erroneous because *Code Ann.*

§ 68-1651 governs left turns by motorists while § 30.41 of the code of the City of Atlanta regulates overtaking to the right. "It is not likely that this inadvertent misuse of terms misled the jury in arriving at their verdict and it does not require a reversal of the case." *Kane v. Standard Oil Co. of Ky.*, 108 Ga. App. 602, 604 (133 SE2d 913). "A palpable slip of the tongue on the part of the judge, in instructing the jury as to an abstract proposition of law, is not sufficient cause for reversing the judgment, where, upon consideration of it in connection with the context and all the rest of the charge, it is plain that the jury could not have been misled." *Brooks v. Carver*, 55 Ga. App. 362, 363 (4) (190 SE 389). It is obvious from the context of this charge, that the judge intended to say "§ 30.48 of the City Code of Atlanta," rather than "§ 30.41 of the City Code of Atlanta." See *Becker v. Donalson*, 138 Ga. 634, 645 (5) (75 SE 1122).

■ Special ground 9 complains of the following statement from the trial court's instructions to the jury: "Gentlemen, I believe that I have already charged you in reference to *Code* § 68-1633 of the laws of this State, and I will not repeat that charge again." In fact the trial judge had not instructed the jury as in this statement he indicated he had done.

However, the assignment of error is upon the charge *as given* and not upon the court's *failure to charge* in reference to *Code Ann.* § 68-1633.

While this excerpt from the charge refers to law which was in part applicable to the case, the excerpt in itself does not constitute a statement of law which the jury could have misapplied to the case. Nor would it have confused the jury as to law stated elsewhere in the charge, as it contained no reference or implication as to the substance and effect of the law. While the charge amounted to technical error, it was trivial and could not possibly have misled the jury prejudicially to plaintiff.

■ Special grounds 10 and 11 object to the court's refusal to give certain written charges requested by the plaintiff.

The requested charge in ground 11 reads, "Gentlemen of the jury, I charge you that even if you should find that the plaintiff violated a city ordinance by passing on the right, this did not necessarily bar his right to recover from defendant, whose auto-

mobile struck his automobile." This request is incomplete in that it fails to include the rules of causation and comparative negligence which in the light of the evidence would be necessary to render an accurate pronouncement of a legal principle applicable to this case. Without the addition of these essentials, the jury would be left in a confusing position without a guide as to when a violation of the ordinance would constitute a bar and when it would not.

Special ground 10 assigns error upon the court's refusal to give the requested charge: "The rule of the road requires travelers with vehicles, when meeting, to each turn to the right." This is the language of *Code* § 105-112. Under the evidence here the jury would have been authorized to find that the defendant was indeed required by law to pass plaintiff to the right. However, the evidence also authorized the jury to find under the law that defendant had the right of way to pass in front of the plaintiff in making the left turn and that plaintiff under the circumstances had no lawful right to pass at all. See *Code Ann.* § 68-1651.

The request was therefore incomplete and not adjusted to the evidence since it eliminated from the jury's consideration the latter inference authorized by the evidence which was favorable to the defendant. "A request to charge which is adjusted only to certain phases of the evidence favorable to the party making the request, and which eliminates from the consideration of the jury any inference authorized from such phases of the evidence favorable to the opposite party, is not properly adjusted to the evidence and the issues thereby presented." *Sims v. Martin,* 33 Ga. App. 486 (5) (126 SE 872). The instant case is readily distinguishable from *Casteel v. Anderson,* 89 Ga. App. 68 (78 SE2d 831), and *Pulliam v. Casey,* 93 Ga. App. 324 (91 SE2d 807)., cited by plaintiff, where it was held that similar statements of the "rule of the road" were properly given in charge or should have been charged upon request, for in those cases it is apparent that the drivers in whose favor the rule was invoked unquestionably had the right of way to proceed in their lanes of traffic without interference from the operators breaching the rule.

A request to charge must embody a correct, applicable and complete statement of law. *Atlantic C. L. R. Co. v. Brown*, 82 Ga. App. 889, 891 (1) (62 SE2d 736). If the request to, charge is an incomplete statement of law, it is not error to refuse it. *City Bank of Macon v. Kent*, 57 Ga. 283, 285 (18); *Vinson v. C. & S. Nat. Bank*, 208 Ga. 813, 818 (4) (69 SE2d 866). Although a request to charge may contain a correct abstract principle of law, yet if it is so general as not to be of practical value or to aid the jury in arriving at the truth under the evidence, its refusal is not error. *Klink v. Boland*, 72 Ga. 485, 492 (2). It is not error to refuse a request which is not precisely adjusted to the pleadings and the evidence. *McKinney v. Woodard*, 94 Ga. App. 340, 342 (1) (94 SE2d 620); *King v. Ellis*, 104 Ga. App. 335, 336 (2) (121 SE2d 815).

The trial judge properly refused to give in his instructions to the jury the written requests to charge set forth in special grounds 10 and 11 of the motion for new trial.

■ Special ground 12 complains that the court erred in refusing a request to charge consisting of all the language of *Code Ann.* § 68-1633. A part of this section of the Code was not pertinent under the pleadings and evidence in this case. It is not error to refuse a request to charge the language of a Code section some part of which is inapplicable to the case. *Pinson v. State*, 184 Ga. 333, 335 (191 SE 95).

■ Special ground 13 of the plaintiff's motion for new trial charging as erroneous the court's refusal to give a stated charge in the exact language requested in writing by plaintiff, does not show that plaintiff's request was presented before the jury retired to consider their verdict. This ground of the motion for new trial therefore fails to show error. *Code* § 81-1101; *Nickerson v. Porter*, 189 Ga. 671, 673 (2) (7 SE2d 231); *Ehrlich v. Mills*, 203 Ga. 600, 601 (2) (48 SE2d 107); *Woodruff v. State*, 204 Ga. 17, 18 (4) (48 SE2d 885); *Ogletree v. State*, 209 Ga. 413 (2) (73 SE2d 201); *Hooks v. State*, 215 Ga. 869, 871 (4) (114 SE2d 6).

The general grounds were expressly abandoned.

*Judgment affirmed. Jordan and Eberhardt, JJ., concur.*