## 43803.    WHITE v. THE STATE.

BELL, Presiding Judge. Defendant was convicted of a violation of *Code* § 26-2637, which provides: "If any person shall break and enter any automobile or other motor vehicle with the intent to commit a larceny or a felony, he shall be guilty of a felony." The indictment specifically charged that the act was done "with intent to steal."

1. The gist of the offense is the breaking and entering of the automobile with larcenous or felonious intent. Assuming, without deciding, that it was necessary to prove ownership of the vehicle, this was done by testimony of one detective that detective E. R. Tolliver actually owned the car and detective Richard Burkett was using it at the time; it did not appear that the witness was not testifying from his own knowledge. It was not necessary for the State to prove either that the automobile contained valuable effects or that there was an asportation of valuable effects from the vehicle. These are not included in the statutory definition, either expressly or implicitly, as essential elements of the offense. However, there was something of value in the car—that is, a sack of money. *Sudan v. State,* 68 Ga. App. 752, 754 (23 SE2d 867). Positive testimony showed an actual breaking and entering of the automobile and that defendant's accomplice was reaching for the sack of money when caught. Thus the evidence was ample to support an inference that the acts were done with the specific intent charged in the indictment. *Woodward v. State,* 54 Ga. 106.

2. The solicitor, in his argument to the jury prior to defendant's concluding argument, stated: "We don't know what his defense is going to be. We have not had the benefit of hearing from him in this case." Remarks of this kind do not constitute cause for mistrial unless they occur in such connection as to imply to the jury that the defendant's failure to testify or make an unsworn statement should be counted against him. See *Carter v. State,* 7 Ga. App. 42 (65 SE 1090); *Head v. State,* 58 Ga. App. 375, 376 (198 SE 550). The transcript of proceedings does not include, as it should, the context in which the remarks were made. We are therefore unable to determine that the remarks were prejudicial to defendant or that the court erred in failing to grant defendant's motion for mistrial on account of them.

*Judgment affirmed. Hall and Quillian, JJ., concur.*

516

*Henritze & Smith, Walter M. Henritze, Jr.,* for appellant.
*Lewis R. Slaton, Solicitor General, J. Walter LeCraw, Tony H. Hight,* for appellee.