44879.   HARRELL et al. v. BEDGOOD.

PANNELL, Judge.   1.   In an action seeking recovery for personal injuries and for damage to a motorcycle occasioned by the alleged negligence of the defendants, the only evidence as to

value of the motorcycle before and after the collision was the testimony of the plaintiff which can be summarized as follows: "Q. After the accident what happened to your motorcycle? A. I sold it to Mr. Kline Paulk, the dealer in Triumph motorcycles in Belvedere for $150. Q. And was that a fair price for it? A. I would say so, yes. Court: Q. What was the value of it at the time of the collision? A. I bought the machine for $850, and had had it approximately a year. I could probably have gotten seven or seven-fifty for it if I had tried to sell it. Q. And in your opinion what was it worth immediately after the accident? A. About $150, just for parts that could be salvaged off of it. The motor was not hurt, the frame and fenders—the other various parts on the engine or machine were damaged. Q. And in this wrecked condition you sold it for what price? A. $150."

This evidence was sufficient to establish the difference in value of the vehicle before the collision and after the collision. *Johnson v. Rooks,* 116 Ga. App. 394 (157 SE2d 527); *National Auto. Ins. Co. v. Vaughn,* 98 Ga. App. 446 (106 SE2d 87); *Atlantic C. L. R. Co. v. Clements,* 92 Ga. App. 451, 455 (88 SE2d 809). *Nail v. Hiers,* 116 Ga. App. 522 (157 SE2d 771), in which the above cases are cited and distinguished, does not require a different ruling here, as in that case the only evidence of after-value was solely that the wrecked vehicle was sold at a certain price as salvage. In the present case, in addition to that, we have the testimony of the plaintiff that the price for which the damaged vehicle sold was "a fair price" and was what it was "worth" after being damaged.

2. There was an enumeration of error on the admission of certain testimony of a physician over the objections of the appellants. The only reference to this in the brief of counsel for the appellants is, that as to the enumeration, "we contend that the trial court erred in allowing Dr. Mulherin to testify to the possibility of arthritic changes, where there was no evidence of such arthritic change in the plaintiff's condition, and as to the future pain which could be experienced by the plaintiff in bowling and opening car doors, 'where you have to mash in on the handle'; whereas, there was no evidence to support such illustrations. And the finding of the jury was probably influenced by this testimony of the

doctor. The evidence was objected to by counsel for defendants, and the witness was allowed to give this evidence over counsel's objection.

"We respectfully contend that a new trial should be granted in this case," on this ground. "The jury's verdict was doubtless influenced . . . by the unauthorized testimony of the physician as to the arthritic changes which had never taken place and by the future possibility of pain, for which there was no supporting factual testimony." This is not sufficient to constitute an argument, but is a mere statement of what occurred, and of the contentions of the appellants, and does not constitute an argument in support of such contentions; nor do the statements in the brief that the jury was probably influenced by this testimony constitute any argument relating to its alleged erroneous admission. Rule 17 (c) (2), also 17 (c) (3) A. and B. of the Court of Appeals, 111 Ga. App. 891; *Dunaway v. Empire Mortgage &c. Co.,* 118 Ga. App. 224, 225 (163 SE2d 237); *McKeever v. State,* 118 Ga. App. 386, 391 (163 SE2d 919); *O'Neil v. Moore,* 118 Ga. App. 424, 425 (164 SE2d 328). However, we might state that we have examined the testimony and the objection and do not find that the testimony was subject to the objection made.

*Judgment affirmed. Hall, P. J., and Quillian, J., concur.*

SUBMITTED NOVEMBER 5, 1969—DECIDED JANUARY 8, 1970.

*Starkey S. Flythe,* for appellants.

*Fulcher, Fulcher, Hagler, Harper & Reed, James T. Wilson Jr.,* for appellee.