45981. SHEFFIELD v. THE STATE.

QUILLIAN, Judge. The defendant was indicted, tried and convicted of aggravated assault. He appeals from the judgment of conviction. *Held:*

1. (a) Enumerations of error 2 and 3 complain of objections sustained as to certain questions asked by counsel for the defendant on cross examination of the prosecuting witness. The district attorney's grounds of objection were that such questions were irrelevant and immaterial. At the time, there was nothing to show that the evidence was relevant or material. That being true, the objection was properly sustained although "it may have subsequently appeared that the answers to these questions might in connection with other evidence, have been admissible and material." *Keller v. State,* 102 Ga. 506 (2) (31 SE 92). See

*McLeod v. State,* 128 Ga. 17 (2) (57 SE 83). As pointed out in *Horton v. State,* 128 Ga. 26 (2) (57 SE 224): "When the materiality of the rejected evidence was made to appear by the testimony coming in subsequently, it should have been offered again." While giving full recognition to the undeniable right to a thorough and sifting cross examination, this court held in *Cox v. Norris,* 70 Ga. App. 580, 584 (28 SE2d 888): "Even where a party is under cross examination, the court may exercise a sound discretion in requiring counsel to make the relevancy of the questions apparent." See *Hirsh v. Dobb,* 224 Ga. 130, 132 (160 SE2d 386).

(b) Enumerations of error 8 and 9 complain of the refusal to allow a thorough cross examination of the Sheriff of Cook County. "The right to a thorough and sifting cross examination is not abridged by the action of the judge in confining it to matters that are in some manner relevant to the issues of the case on trial. *Pulliam v. State,* 196 Ga. 782 (2-4) (28 SE2d 139)." *Walden v. State,* 83 Ga. App. 231 (2) (63 SE2d 232). See *Quinton v. Peck,* 195 Ga. 299 (5) (24 SE2d 36).

2. Enumerations of error 4 and 11 assert that the admission of certain testimony concerning what someone said was hearsay. The first conversation was part of the res gestae (*Code* § 38-305), and furthermore similar testimony was admitted without objection. See *Marsh v. State,* 120 Ga. App. 46 (2) (169 SE2d 615). As to the second conversation, the testimony was offered to impeach a witness for the defense. Hence, it was admissible. See *McKinney v. Pitts,* 109 Ga. App. 866 (3) (137 SE2d 571); *Stubbs v. Daughtry,* 115 Ga. App. 22, 24 (153 SE2d 633).

3. Enumerations of error 5 and 6 complain the court erred in excusing 2 witnesses prior to the conclusion of the trial. The counsel for the defendant thoroughly cross examined the witnesses and it does not appear that the defendant required anything further of them. In such circumstances, absent any showing of harm, the grounds are without merit.

4. Enumeration of error 7 asserts that it was error to admit a shirt over the objection that a proper foundation had not been laid. The shirt was sufficiently identified by the prosecuting witness, who further testified how it was torn when he was

attacked and was cross examined concerning it. See *Harris v. State,* 191 Ga. 243, 257 (12 SE2d 64).

5. Enumeration of error 10 complains that it was error to allow the district attorney to question a defense witness about his past record. The objection made was that the record of past convictions was the highest and best evidence. The State subsequently introduced the witness's record and any error in allowing the questioning was harmless.

6. Enumeration of error 13 complains of argument made by the district attorney but we are not apprised from the record as to the context of the remarks. This ground shows no error. See *White v. State,* 118 Ga. App. 515 (2) (164 SE2d 158); *Pace v. State,* 121 Ga. App. 251 (1) (173 SE2d 464); *Bridges v. State,* 227 Ga. 24 (2) (178 SE2d 861).

7. Enumerations of error 14, 18 and 22 are treated as abandoned. See *Edge v. State,* 117 Ga. App. 628 (161 SE2d 420); *Harrell v. Bedgood,* 121 Ga. App. 16 (2) (172 SE2d 485).

8. Enumeration of error 21 sets out that introduction of the defendant's prior conviction during the pre-sentence hearing violated his constitutional rights. No attack was made on *Code Ann.* § 27-2534 (Ga. L. 1970, pp. 949, 950), which provides: "In such hearing, subject to the laws of evidence, the jury shall hear additional evidence in extenuation, mitigation, and aggravation of punishment, including the record of any prior criminal convictions and pleas of guilty or pleas of nolo contendere of the defendant, or the absence of any such prior criminal convictions and pleas: Provided, however, that only such evidence in aggravation as the State has made known to the defendant prior to his trial shall be admissible." Absent a ground setting forth the constitutional invalidity of such statute we do no more than uphold its plain provisions.

9. "When the facts from which the inference of guilt or innocence is to be drawn are all established by direct proof, and only the intent with which the alleged criminal act was committed, or the degree of criminality, must be inferred, the trial judge, in the absence of a timely request, is not required to give in charge to the jury the usual rule applicable to circumstantial evidence, to the effect that if the proved facts are consistent

with innocence, the defendant should be acquitted; this for the reason that every one is presumed to intend the natural and legitimate consequences of his acts." *Reddick v. State,* 11 Ga. App. 150 (3) (74 SE 901). See also *Ramsey v. State,* 212 Ga. 381 (2) (92 SE2d 866); *Ledford v. State,* 215 Ga. 799 (10) (113 SE2d 628). There was no error in the failure to charge on circumstantial evidence and enumeration of error 15 is without merit.

10. In enumeration of error 16 the appellant argues that the court should have charged the jury on the lesser grade of simple assault contained in the charge of aggravated assault. Here there was no evidence of a simple assault. See *Code Ann.* § 26-1301 (Ga. L. 1968, pp. 1249, 1280).

In *Fronebarger v. State,* 27 Ga. App. 607 (1) (109 SE 512), this court held: "It is well settled that upon the trial of one charged with assault with intent to rape, where the undisputed evidence shows that if any offense was committed it was either assault with intent to rape or assault and battery, a verdict finding the defendant guilty of a mere assault is contrary to the law and the evidence." See *Owens v. State,* 9 Ga. App. 441 (71 SE 680); *Kennedy v. State,* 10 Ga. App. 794 (74 SE 95); *Simmons v. State,* 36 Ga. App. 309 (136 SE 330); *Plain v. State,* 60 Ga. 284 (3). According to the evidence either the defendant committed a battery or an aggravated assault or did nothing at all. A charge on simple assault was not required.

11. (a) Enumeration of error 17 complains that the court erred in charging in part, "There is some evidence of flight in this case," because there was no direct evidence of flight by the defendant.

The evidence was undisputed that one of the other defendants who was tried with the defendant fled from the arresting officers. There was also undisputed evidence that although the officers looked for him the defendant was not located until about a month or longer after the incident in question when he was finally arrested. Thus, the charge was not error as a prohibited expression of opinion under *Code* § 81-1104 (*Abbott v. State,* 91 Ga. App. 380 (3) (85 SE2d 615); *Thomas v. State,* 95 Ga. App. 699, 704 (99 SE2d 242); *Goldstein v. Karr,* 110 Ga. App. 806, 809 (140 SE2d 40)), or for the reason assigned.

(b) The evidence was sufficient to support the verdict and, upon

careful examination, the remaining enumerations of error are without merit.

*Judgment affirmed. Bell, C. J., Jordan, P. J., Hall, P. J., Eberhardt, Pannell, Deen and Whitman, JJ., concur. Evans, J., dissents.*

SUBMITTED MARCH 2, 1971—DECIDED JUNE 18, 1971—
REHEARING DENIED JULY 20, 1971—

*Jack W. Carter,* for appellant.

EVANS, Judge, dissenting. I dissent from the majority opinion and would reverse the trial court on enumeration of error number 17, which is as to the trial court's charging on "flight" as to the appellant.

The trial court charged the jury, "There is some evidence of flight in this case." This was clearly an expression of opinion as to what "has or has not been proven" and the appellate courts of Georgia have repeatedly held that the same constitutes reversible error. *Code* § 81-1104; *Alabama Great Southern R. Co. v. McBryar,* 67 Ga. App. 509, 514 (21 SE2d 173); *Phillips v. Williams,* 39 Ga. 597 (1); *Bohler v. Owens,* 60 Ga. 185; *Sanders v. Nicolson,* 101 Ga. 739 (28 SE 976); *Patterson v. State,* 181 Ga. 698, 708 (184 SE 309); *Robinson v. State,* 207 Ga. 337 (3) (61 SE2d 475). Further, the Court of Appeals has held that where said rule is violated, it is mandatory that a new trial be granted. *Imperial Investment Co. v. Modernization Const. Co.,* 96 Ga. App. 385 (2) (100 SE2d 107). The applicable statute in this respect is as follows: "*Code* § 81-1104. Expression of opinion on facts, error. It is error for any judge of a superior court, in any case, whether civil or criminal or in equity, during its progress, or in his charge to the jury, to express or intimate his opinion as to what has or has not been proved, or as to the guilt of the accused; and should any judge of said court violate the provisions of this section, such violation shall be held by the Supreme Court or Court of Appeals to be error, and the decision in such case reversed, and a new trial granted in the court below, with such directions as the said Supreme Court or Court of Appeals may lawfully give."

Of course, when under the evidence a fact is not in dispute, the court may so instruct the jury. *Miller v. Dean,* 113 Ga. App. 869

(3) (150 SE2d 191); *Atlanta Metallic Casket Co. v. Hollingsworth,* 104 Ga. App. 154, 161 (121 SE2d 388). But such was not the case as to the alleged flight here.

Flight, unexplained, is a circumstance to show guilt, and, in connection with other evidence, may be sufficient to authorize a conviction. See *Sheffield v. State,* 1 Ga. App. 135 (2) (57 SE 969); *Miller v. State,* 91 Ga. 186, 188 (16 SE 985); *Lancaster v. State,* 168 Ga. 470 (6) (148 SE 139); *Tyler v. State,* 91 Ga. App. 87 (3) (84 SE2d 843).

Thus, the court clearly stated there was some evidence of flight in the case, and as flight is a fact which the jury may consider as indicative of guilt, a reversal is required.

The majority opinion points out that there was undisputed evidence of flight by a *different defendant,* who was tried at the same time, and cites authority on the general propositon that a charge on an undisputed fact is not error. But, that defendant who fled was found not guilty, and he is not complaining, whereas the defendant in the case sub judice was found guilty and he is bitterly complaining because the jury was allowed to believe that the trial judge considered that he had fled. The State assumes a calculated risk in trying the defendants jointly, in that a charge which is appropriate as to one of the joint defendants may not be appropriate as to another, and it becomes the duty of the trial judge to make plain to the jury as to which defendant is subject to a certain charge, when another defendant is being tried who is not subject to that charge. Failure to take these precautions is but to invite reversible error, as was done in the case sub judice.