## 49420. O'KELLEY v. HAYES.

STOLZ, Judge.

1. The motion of the plaintiff to dismiss the appeal before this court is denied.

(a) The failure to include in the enumeration of errors the jurisdiction statement required by Rule 14 (c) (Code Ann. § 24-3614 (c)), affords no basis for dismissal. *Sparks v. Sparks,* 125 Ga. App. 198 (1) (186 SE2d 780) and cits.

(b) A mere statement of what occurred during the

trial, and the contentions of the appellant, does not constitute an argument in support of such contentions; nor do the statements in the enumeration of errors (which is used in lieu of an argument in the brief) that the jury was probably influenced by this testimony constitute any argument relating to its alleged erroneous admission, as required by Rule 18 (a) (3) (Code Ann. § 24-3618 (a) (3)). *Harrell v. Bedgood,* 121 Ga. App. 16, 18 (172 SE2d 485). The failure to support the enumerated errors by citation of authority or argument either in the brief or in oral argument, constitutes an abandonment of such enumerated errors, but is not grounds for dismissal of the appeal. *Rodriguez v. Newby,* 131 Ga. App. 651 (5) and cits. "A failure to follow the rules will result in a refusal to pass on the alleged error." *Home Indem. Co. v. Godley,* 122 Ga. App. 356 (6b) (177 SE2d 105). Accordingly, the enumerated errors raising the special grounds of the motion for new trial, being supported by citation of authority or argument in neither the brief nor the oral argument, are deemed abandoned.

2. The trial judge did not abuse his discretion in overruling the motion for new trial on the general grounds in this action for damages for personal injuries, in which the plaintiff recovered a $2,000 verdict and judgment. There was evidence which authorized the finding that the plaintiff lawfully stopped her automobile on the entrance ramp to an interstate highway; that another vehicle stopped behind the plaintiff's vehicle; that the defendant's automobile struck the automobile behind the plaintiff's, knocking it into hers; and that she sustained injuries and pain and suffering as a proximate cause of the defendant's negligence in striking the vehicle behind hers.

*Judgment affirmed. Eberhardt, P. J., and Deen, J., concur.*

ARGUED MAY 29, 1974 — DECIDED JUNE 14, 1974.

*Charles E. Muskett,* for appellant.
*Johnston & McCarter, Ralph E. Carlisle,* for appellee.