SMITH v. THE STATE.

DUCKWORTH, Presiding Justice. 1. Disregarding the question whether or not an exception to a dismissal of a plea in abatement, alleging relationship within the sixth degree between two grand jurors and two witnesses, respectively, before the grand jury which returned the present indictment, one of which witnesses was alleged to be in fact the prosecutor, may, as was done in the present case, be made a special ground of a motion for new trial—the plea, urging a disqualification which was one propter affectum, was not maintainable. *Bitting* v. *State,* 165 *Ga.* 55 (139 S. E. 877); *Farrar* v. *State,* 187 *Ga.* 401 (200 S. E. 803).

2. Where, as here, there was evidence that about three years before the killing of the deceased the defendant's wife conferred with an attorney in his capacity as such, the deceased being present and paying the attorney his fee, and it was sought on the trial of the case to elicit from the attorney, a witness, the exact purpose of her visit and who did the talking about the filing of a certain divorce action, never prosecuted, which, as shown by the evidence, she instituted against the defendant at that time, the exception to the refusal of the court to permit the witness to answer the questions is without merit, the matters inquired about involving the relationship of attorney and client. Code, §§ 38-418(2), 38-419.

3. The special ground of the motion for new trial, based upon alleged newly discovered evidence, that at some indefinite time before the homicide the deceased carried on his person a borrowed pistol, and that the movant and his counsel did not know of such evidence and could not have discovered the same by the exercise of ordinary diligence, is without merit, not only because such newly discovered evidence is merely cumulative in nature and not likely to produce a different result on another trial, but because the requirement of the Code, § 70-205, as to adducing affidavits respecting the residences, associates, means of knowledge, character and credibility of the proposed witnesses, is not complied with. *Overby* v. *State,* 183 *Ga.* 353, 360 (188 S. E. 520); *Sumner* v. *Sumner,* 183 *Ga.* 400 (188 S. E. 515); *Anderson* v. *State,* 190 *Ga.* 455, 460 (9 S. E. 2d, 642).

4. The evidence and the defendant's statement conclusively established that he did the alleged killing, and the verdict finding him guilty of murder and recommending mercy was authorized.

*Judgment affirmed. All the Justices concur.*

No. 16182. APRIL 15, 1948.

*C. D. McCutchen* and *F. Kelly McCutchen,* for plaintiff in error.

*Eugene Cook, Attorney-General, Warren Akin, Solicitor-General, Walter H. Bolling, C. M. Dobbs, Assistant Attorney-General,* and *Rubye G. Jackson,* contra.