44907. PACE v. THE STATE.

ARGUED JANUARY 5, 1970—DECIDED FEBRUARY 24, 1970.

*Culpepper & Culpepper, Sampson M. Culpepper,* for appellant.
*Jack J. Gautier, District Attorney, Fred M. Hasty,* for
appellee.

QUILLIAN, Judge. 1. During the argument of the assistant
district attorney, counsel for the defendant stated: "I think it
is improper and error for the solicitor to comment on the part
of the defendant to put up any evidence because he isn't re-
quired to do so and I think that Your Honor should instruct

the jury that that would not be proper and it is probably proper grounds for a mistrial for the solicitor to comment on the failure of the defendant to put up any evidence because he doesn't have to put up any evidence. We can rely on the failure of the State to prove his guilt beyond a reasonable doubt." Colloquy then took place between counsel to which in response to a statement by the counsel for the defendant that he was going to move for a mistrial, the prosecuting attorney stated: "I am going to insist on my right to comment on the failure of this defendant to put up any evidence." Defendant contends that his point is well taken because the defendant is not required to put up any evidence and it is error for the prosecuting attorney to make reference to this fact.

"While it is, of course, true that no legal presumption of guilt would arise from the failure of the defendant to introduce witnesses (*Mills v. State,* 133 Ga. 155 (65 SE 368)), and while it would, therefore, be error for the solicitor to argue to the jury that such a legal presumption did arise from such fact; nevertheless it is perfectly proper for the solicitor to draw an inference of fact from such failure and argue it to the jury even though it be prejudicial to defendant." *Dorsey v. State,* 204 Ga. 345, 352 (49 SE2d 886). See *Kemp v. State,* 61 Ga. App. 337, 341 (6 SE2d 196). The record contains nothing to show the circumstances under which the solicitor couched his remarks. Absent a showing of the context in which the remarks were made, we cannot determine whether the remarks were prejudicial to the defendant and thus whether error was committed. *White v. State,* 118 Ga. App. 515 (2) (164 SE2d 158). The ground is without merit.

2. The only other ground of the enumeration of errors before this court involves the failure to grant a new trial based on newly discovered evidence. The evidence proffered in support of this ground was an affidavit of the Warner Robins police captain which recited that, after receiving an anonymous telephone tip he went to a Gulf filling station on Watson Boulevard next to the Biff Burger and found a .22 caliber German pistol with the name of Jerry Patton inscribed on the right side of the pistol; that the pistol was in a paper hamburger bag

with the name of Biff Burger printed thereon; also contained in the bag was one discolored plastic shotgun shell; that the pistol was covered with rust on the metal portions. The affiant also stated that the informant related to him "when the shooting was over, he grabbed the pistol and ran throwing the pistol on top of the Gulf filling station as he went behind it, and that he did it because he was scared."

Applications for a new trial on the grounds of newly discovered evidence are not favored. It is incumbent on the party seeking a new trial on such grounds to satisfy the court: "(1) that the evidence has come to his knowledge since the trial; (2) that it was not owing to the want of due diligence that he did not acquire it sooner; (3) that it is so material that it would probably produce a different verdict; (4) that it is not cumulalative only; (5) that the affidavit of the witness himself should be procured or its absence accounted for; and that a new trial will not be granted if the only effect of the evidence will be to impeach the credit of a witness." *Burge v. State,* 133 Ga. 431, 432 (66 SE 243). As has frequently been pointed out, among the essential elements the ultimate criterion is the probability of a different result. *Todd v. Jackson,* 24 Ga. App. 519 (1) (101 SE 192); *McDaniel v. State,* 74 Ga. App. 5 (38 SE2d 697).

In this case there is nothing to connect the pistol with the deceased. None of the witnesses testified as to the deceased having any kind of weapon on his person. While the defendant in his unsworn statement pointed out that the deceased approached him with his hands partly behind his back, he too made no mention of the deceased's possessing a pistol. The Georgia Supreme Court has held that the fact the deceased had a weapon in his possession without using it in a threatening manner would not serve to reduce his assailant's crime from that of murder (*Edwards v. State,* 53 Ga. 428), or to produce such an exigency as to justify a homicide (*Roberts v. State,* 65 Ga. 430, 435).

It is proper for the trial judge and the appellate court to consider only such portions of the alleged newly discovered evidence as would be admissible in the event of another trial.

*Bryant v. State,* 197 Ga. 641 (12) (30 SE2d 259), and *Williams v. State,* 199 Ga. 504 (5) (34 SE2d 854). Under the facts of this case, there is nothing to show that the newly discovered evidence offered would probably change the result if a new trial was had. *Miller v. State,* 151 Ga. 710, 713 (108 SE 38); *Daniel v. State,* 187 Ga. 411, 414 (1 SE2d 6); *Johnson v. State,* 196 Ga. 806 (3b) (27 SE2d 749); *Smith v. State,* 203 Ga. 569 (3) (47 SE2d 579). Hence, this ground is without merit.

*Judgment affirmed. Bell, C. J., and Whitman, J., concur.*