## 53586. ZACHERY v. THE STATE.

SUBMITTED MARCH 2, 1977 — DECIDED MARCH 11, 1977.

*Gary E. Jackson,* for appellant.
*Hinson McAuliffe, Solicitor, Frank A. Bowers, Assistant Solicitor,* for appellee.

DEEN, Presiding Judge.

The grant of a motion for new trial for the discovery of new evidence must be predicated upon the satisfactory demonstration of the six criteria found in *Long v. State,* 237 Ga. 110, 111 (227 SE2d 22).

Mere statements in the motion that the movant did not know of the evidence before trial are insufficient. *Moss v. State,* 44 Ga. App. 244 (161 SE 293). The "new" witness was an eyewitness to the events and there was no explanation why his name and testimony could not have been discovered prior to trial. *Johnson v. State,* 196 Ga. 806 (3a), 807 (27 SE2d 749). Post mortem zeal and earnestness is not a substitute for ante mortem diligence. *Bass v. African Methodist Episcopal Church,* 155 Ga. 57

(10) (116 SE 816).

The evidence must be such that it would probably produce a different result on another trial. *Pace v. State,* 121 Ga. App. 251 (173 SE2d 464). The "new" witness testified that the victim was holding a baseball bat when he was struck by the appellant. The witness was then questioned: "From where you were standing did it look like Andre was gonna use this baseball bat on Terry?" The witness responded: "You know, I don't really know because he prob — to me, he probably would because he was crying, see." This evidence was at most cumulative of the appellant's theory of self-defense and would have the anomalous effect of impeaching the other defense witnesses who testified that the victim menaced the appellant with his fists. The trial judge did not abuse his discretion in denying the appellant's motion for a new trial based upon this "newly discovered evidence." *Montgomery v. State,* 140 Ga. App. 286 (231 SE2d 108).

*Judgment affirmed. Webb and Marshall, JJ., concur.*