## A90A0085. BOLDS v. THE STATE.
### (394 SE2d 593)

CARLEY, Chief Judge.

Appellant was arrested on December 22, 1988, indicted on May 2, 1989, and filed a motion to quash the indictment on May 15, 1989. The motion to quash was predicated upon OCGA § 15-12-70 which provides for the disqualification of a grand juror "related by consanguinity or affinity to any party interested in the result of the case or matter within the sixth degree. . . ." According to the motion to quash, the district attorney was a "party interested in the result of the case or matter" and, in violation of OCGA § 15-12-70, the district attorney's aunt had served on the grand jury that returned the indictment against appellant. The trial court denied the motion to quash but certified its order for immediate review. We granted appellant's application for an interlocutory appeal from the trial court's order.

We do not reach the merits of appellant's contention that the district attorney was a "party interested in the result of the case or matter" so as to disqualify his aunt from serving as a grand juror pursuant to OCGA § 15-12-70. Even assuming that she was disqualified, that disqualification would not be a viable ground for quashing the indictment. *Smith v. State*, 203 Ga. 569 (1) (47 SE2d 579) (1948); *Farrar v. State*, 187 Ga. 401, 403 (1) (200 SE 803) (1939); *Bitting v. State*, 165 Ga. 55, 59 (2) (139 SE 877) (1927); *Phillips v. State*, 167 Ga. App. 260, 263 (3) (305 SE2d 918) (1983); *Hall v. State*, 7 Ga. App. 115, 116 (1) (66 SE 390) (1909).

Appellant urges that he should nevertheless be entitled to rely upon the purported disqualification as a ground for seeking to quash the indictment because he had no notice of the composition of the

grand jury before it returned the indictment against him. There is, however, no authority for the proposition that such a lack of notice would be an exception to the rule that a grand juror disqualification based upon OCGA § 15-12-70 does not constitute a viable ground for quashing an indictment. "[C]auses which would tend to disqualify a grand juror propter affectum do not furnish sufficient ground for a plea in abatement to the indictment. [Cit.] . . . It is true that there are several . . . decisions of the Supreme Court in which there are to be found intimations that the defendant might raise the point by plea in abatement, if he could prove that he had no notice that his case was to be investigated by the grand jury and had no opportunity to present his objections or challenge before the indictment was returned; but in none of these cases is there any direct ruling on the proposition." *Hall v. State,* supra at 117. In *Bitting v. State,* supra at 61-62 (2), the Supreme Court did make a "direct ruling on the proposition" and concluded that, regardless of a lack of notice, a grand juror disqualification based upon OCGA § 15-12-70 does not constitute a viable ground for quashing an indictment. It necessarily follows that the trial court correctly denied appellant's motion to quash the indictment returned against him.

*Judgment affirmed. McMurray, P. J., and Sognier, J., concur.*

DECIDED MAY 11, 1990.

*Ballard, Slade & Ballard, H. Geoffrey Slade,* for appellant.

*W. Fletcher Sams, District Attorney, Sharon J. Law, Assistant District Attorney,* for appellee.