S94A0778. BLACK v. THE STATE.
(448 SE2d 357)

FLETCHER, Justice.

Robert Leonard Black seeks a new trial based on his claims of ineffective assistance of trial counsel and a defective indictment. Black was convicted of murder, aggravated assault on a police officer, and other crimes and sentenced to death. On appeal, this court reversed his death sentence because the jury verdict failed to include an essential element, but deferred ruling on whether he waived the issue of ineffective assistance of counsel. See *Black v. State*, 261 Ga. 791, 797-798 (410 SE2d 740) (1991), cert. denied, ___ U.S. ___ (113 SC 118, 121 LE2d 74) (1992). The trial court on remand found that Black had not waived his right to claim ineffective assistance of trial counsel and held an evidentiary hearing. Black appeals from the denial of his extraordinary motion for a new trial and motion to quash the indictment. We affirm.

1. The Sixth Amendment right to counsel guarantees a criminal defendant the right to effective assistance of counsel. *McMann v. Richardson*, 397 U. S. 759, 771, n. 14 (90 SC 1441, 25 LE2d 763) (1970). To establish a claim of ineffective assistance of counsel, a "defendant must show that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland*

*v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984). "When a defendant challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." Id. at 695; see *Pitts v. Glass*, 231 Ga. 638, 639 (203 SE2d 515) (1974) (adopting standard of "reasonably effective assistance" at the time service was rendered).

Black raises 25 allegations of his trial counsel's ineffectiveness in the pretrial, competency, guilt-innocence, sentencing, and post-conviction phases of his case. He argues that his trial counsel failed to develop the insanity defense relied on at trial, refused to present any self-defense claim, neglected to make proper requests for charge and reserve objections, and failed to present any defense in the sentencing phase. Black does not raise the issue of ineffectiveness at the sentencing phase to gain a new sentencing trial since he is already entitled to one based on his previous appeal. Instead, he contends that his trial counsel's ineffective performance at the sentencing phase supports the claim of ineffectiveness at the guilt-innocence phase under the totality of circumstances. See *Jarrell v. Balkcom*, 735 F2d 1242, 1261 (11th Cir. 1984) (considering whether counsel's ineffectiveness at the sentencing trial supports a claim of ineffectiveness in the guilt-innocence trial depends on the "totality of circumstances" from the time of appointment or retention through appeal), cert. denied, 471 U. S. 1103 (105 SC 2331, 85 LE2d 848) (1985).

The performance of Black's attorney at the pre-trial, competency, and guilt-innocence phases was not so defective as to render the trial unfair. Black retained as trial counsel an experienced criminal defense attorney who conferred frequently with Black about his defense, employed two investigators who interviewed witnesses for the trial, and filed numerous pre-trial motions. Black's refusal to submit to an independent psychiatric examination hindered his counsel's ability to present an insanity defense. The attorney's decision to pursue the defense of insanity instead of self-defense was part of legitimate trial strategy and falls within the range of reasonable professional assistance. See *Gross v. State*, 262 Ga. 232, 233 (416 SE2d 284) (1992). As we have frequently stated:

> "While other counsel, had they represented appellant, may have exercised different judgment, the fact that the trial counsel chose to try the case in the manner in which it was tried and made certain difficult decisions regarding the defense tactics to be employed with which appellant and his present counsel now disagree, does not require a finding that the representation below was so inadequate as to amount to a denial of effective assistance of counsel."

*McGill v. State*, 263 Ga. 81, 82 (428 SE2d 341) (1993) (quoting *Solomon v. State*, 247 Ga. 27, 29 (277 SE2d 1) (1981)).

Moreover, any errors committed during the sentencing phase do not justify a new guilt-innocence trial. Black has failed to show the necessary prejudice from his attorney's failure to present evidence of mitigating factors, argue meaningfully against imposition of the death penalty, or file jury instructions during the sentencing phase of his trial. Given the testimony of the eyewitness to the shooting and beating of the victim and evidence that Black shot police officers who came to investigate, there is not a reasonable probability that, but for his counsel's errors, the jury would have had a reasonable doubt regarding his guilt.

2. Black also filed a motion to quash the indictment based on the service of the sheriff's sister-in-law on the grand jury that indicted Black. State law requires the disqualification of members of the grand jury who are related by blood or marriage to interested parties within the sixth degree. See OCGA § 15-12-70. Although the sheriff, who was the victim of an aggravated assault by Black, is an interested party and his sister-in-law is related by marriage within the sixth degree, the disqualification of a juror is not a viable ground for quashing the indictment. *Bolds v. State*, 195 Ga. App. 586 (394 SE2d 593) (1990); see also *Bitting v. State*, 165 Ga. 55, 60-64 (139 SE 877) (1927) (disqualification of a grand juror on account of prejudice will not require dismissal of a charge).

Since the trial court correctly ruled that Black is not entitled to a new guilt-innocence trial based on ineffective assistance of counsel or a defective indictment, we affirm. We remand, however, for the sentencing trial ordered in Black's previous appeal.

*Judgment affirmed and case remanded. All the Justices concur.*

DECIDED SEPTEMBER 21, 1994 —
RECONSIDERATION DENIED OCTOBER 17, 1994.

*J. M. Raffauf*, for appellant.

*Timothy G. Madison*, District Attorney, *Deborah S. Wilbanks, Jeffrey G. Morrow*, Assistant District Attorneys, *Michael J. Bowers*, Attorney General, for appellee.