## A95A0264. WHITE v. THE STATE.
(455 SE2d 117)

BIRDSONG, Presiding Judge.

Johnny Wade White appeals his conviction of child molestation, aggravated child molestation, rape, incest, cruelty to children, and aggravated sodomy of his stepdaughter. His stepdaughter was age 11 at the time she reported the incidents to school authorities. Appellant enumerates three errors as follows: Denial of due process by being denied effective assistance of counsel as required by the Sixth Amendment of the United States Constitution; denial of due process by being denied the benefit of counsel as required by Art. I, Sec. I, Par. XIV, Ga. Const. 1983; and abuse of discretion in denying motion for new trial based on his claim of ineffective assistance of counsel. Appellant's trial counsel was appointed by the lower court. *Held:*

1. There exists no substantial difference in the legal standard to be employed in resolving claims of ineffective assistance of counsel under the United States Constitution and under the Georgia Constitution of 1983. See generally *Manus v. State*, 180 Ga. App. 658 (350 SE2d 41) (majority and special concurrence); *Brinson v. State*, 191 Ga. App. 151, 153 (5) (381 SE2d 292) (Georgia is in close alignment with the federal policy). Accordingly, the proper standard to be employed in determining enumerations concerning ineffective assistance of counsel, whether based upon a claim of right arising under federal or state law, is the two-pronged test announced in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674). See *Brogdon v. State*, 255 Ga. 64 (3) (335 SE2d 383). First, appellant must show that counsel's performance was deficient; second, he is required to show that he was prejudiced by counsel's deficient performance. *Lowe v. State*, 264 Ga. 757, 758 (3) (452 SE2d 90). "There is a strong presumption that trial counsel's performance falls within the wide range of reasonable professional assistance, and that any challenged action by trial counsel might be considered sound trial strategy." *Datz v. State*, 210 Ga. App. 517, 518 (3) (436 SE2d 506). As to the second prong, the question is whether there exists a reasonable probability that, but for his counsel's errors, the jury would have had a reasonable doubt regarding appellant's guilt (*Black v. State*, 264 Ga. 550, 552 (1) (448 SE2d 357)), that is, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Hampton v. State*, 215 Ga. App. 57 (449 SE2d 654). "A trial court's finding that a defendant has been afforded effective assistance of counsel must be

upheld unless clearly erroneous." *Williams v. State*, 214 Ga. App. 106 (446 SE2d 789).

2. Appellant claims, inter alia, that trial counsel failed to prepare adequately for trial and only met with him on five occasions, not all of which concerned the merits of the case. "There exists no specified amount of time which a counsel must spend in preparation for trial; each situation must be judged upon its own circumstances and in light of its own degree of complexity. [Cit.] There was no total failure of trial preparation in [the case at bar] as in *Cochran v. State*, 262 Ga. 106 (414 SE2d 211)." *Datz*, supra at 518 (3) (a). Further, the trial court found, inter alia, that, while viewing the videotape of certain of the victim's pretrial statements prior to trial may have been the better practice, it could not conclude that such a viewing would have made any difference in the case outcome. The record discloses that this and the other findings of the trial court were not clearly erroneous.

However, pretermitting whether any deficiencies exist under the first prong of *Strickland*, supra (see, e.g., *Cofield v. State*, 204 Ga. App. 776, 778 (1) (420 SE2d 597)), the question is whether there exists a reasonable probability that but for any unprofessional errors committed by trial counsel, the jury would have had a reasonable doubt as to defendant's guilt within the meaning of *Black*, supra. Appellant has failed to establish that any of the testimony regarding the victim's pretrial statements and drawings (see generally OCGA § 24-3-16; *Cuzzort v. State*, 254 Ga. 745 (334 SE2d 661)), the victim's in-court testimony, any corroborating medical testimony, or any evidence of appellant's prior simple battery conviction (which the trial court correctly concluded was admissible to impeach appellant's testimony that he was faultless during a certain confrontation with his wife; see also OCGA § 24-9-82)) was not admissible under any legitimate theory of law. In this regard, "[i]t is a cardinal rule of evidence that if evidence is duly admissible under any legitimate theory, it should be admitted even though it does not qualify for admission under one or more other evidentiary theories." *Boatright v. State*, 192 Ga. App. 112, 116 (6) (385 SE2d 298). After taking judicial notice of the trial record and transcript, pertaining to appellant, in *White v. State*, Case No. A93A2010 (*Rogers v. State*, 195 Ga. App. 446 (1) (394 SE2d 116)) and viewing the trial transcript in its entirety, we conclude appellant has failed to establish the existence of a reasonable probability that but for trial counsel's alleged unprofessional errors there would have existed a reasonable doubt as to his guilt either to any or all of the offenses of which he was convicted. See generally *Black*, supra; *Hampton*, supra.

In addition to the victim's testimony, corroborating evidence was offered as to consistent pretrial statements made to school personnel

and others and medical evidence corroborating the victim's claim that she had been subjected to sexual abuse. There was ample evidence of record from which the jury could find that on at least one occasion, as averred, appellant's sex organ penetrated, however slightly, the female sex organ of the victim, and that the act of carnal knowledge was done forcibly. Further, as to the question of consent and force occurring as a matter of law when sexual acts are committed against children, for example, in cases involving incest and aggravated sodomy, compare *Richardson v. State*, 256 Ga. 746 (2) (353 SE2d 342) with *Cooper v. State*, 256 Ga. 631 (2) (352 SE2d 382) and *Daniel v. State*, 194 Ga. App. 495 (3) (391 SE2d 128). Appellant testified in his own behalf. While denying he had ever engaged in sexual intercourse with the victim, appellant admitted in judicio the fact that on one occasion, after the victim allegedly was complaining about stomach pain, he removed a tampax from her vaginal area to ease her pain.

We conclude that, based on the state of the evidence of record, appellant has failed to meet the second prong of the *Strickland v. Washington* test; his judgment of conviction will not be reversed on the grounds of inadequacy of counsel.

3. Appellant, however, testified at the post-trial inadequacy of counsel hearing that his attorney informed the prosecutor that if the State wished to "push for the maximum [sentence], then go on ahead, because I'm not going to stop you." Appellant apparently attributes this alleged attitude on the part of his trial counsel to the fact he had filed a bar complaint against counsel regarding the quality of the defense legal representation being provided.

The trial record (Case No. A93A2010) reveals that following the verdict, appellant's trial counsel moved to merge the child molestation count with the aggravated child molestation count and also to merge the incest charge into the rape charge. Trial counsel ably argued both motions and the trial court granted the motion to merge the child molestation count into the aggravated child molestation count, but denied the motion as to merger of the incest and rape counts. Trial counsel argued sentencing on behalf of appellant, requesting the trial court to consider that, although there was a record of several misdemeanors, appellant had no prior felony convictions, he had been incarcerated for almost eleven months, there was no evidence he had a related drug or alcohol problem, he was not a repeat sex crime offender, and he had two children of his own. When asked as to his sentencing views, trial counsel countered the State's sentencing recommendations by asserting that giving appellant the maximum, or close to the maximum, regarding the sentences was "a little steep, in that [appellant] is not a repeat offender." Trial counsel also pointed out that there was no evidence appellant was dangerous to other children or other members of the public, and no indication that

appellant "needs to be locked up for a substantial [number] of years." Trial counsel then affirmatively recommended that appellant be "given a substantial amount of probation with possibly a small amount of time." Trial counsel further argued that there was no reason why appellant would not successfully complete probation, and urged the court to impose "a lesser sentence."

*Sinkfield v. State*, 262 Ga. 239 (416 SE2d 288) and *Grant v. State*, 195 Ga. App. 463, 464 (2) (393 SE2d 737) are distinguishable from this case and are not controlling as to the issue of sentence propriety based on unsupported allegations of inadequacy of counsel during the sentencing phase of trial.

Viewing the sentencing proceeding in its entirety, we are satisfied no fair risk exists that appellant's counsel allowed the State to obtain near maximum sentencing of the accused without engaging in meaningful adversarial representation in behalf of his client. Accordingly, we decline to vacate the sentence and to remand this case for sentence rehearing.

*Judgment affirmed. Johnson and Smith, JJ., concur.*

DECIDED MARCH 9, 1995.

*Nicholas Pagano,* for appellant.

*Thomas J. Charron, District Attorney, Debra H. Bernes, Rose L. Wing, Nancy I. Jordan, Assistant District Attorneys,* for appellee.