## A03A1232. ATKINSON v. THE STATE.
(587 SE2d 332)

MILLER, Judge.

Sheila Atkinson appeals from her convictions on two counts of felony theft by taking and two counts of misdemeanor malfeasance in office. On appeal she contends that (1) the evidence presented at trial was insufficient to sustain the convictions, (2) the indictment should have been dismissed because a member of the grand jury was married to one of the State's trial witnesses, and (3) the court erred by failing to grant Atkinson's motion to dismiss on double jeopardy grounds, as Atkinson had been convicted of malpractice in office in a prior proceeding. We discern no error and affirm.

Viewed in the light most favorable to the verdict, the evidence reveals that Atkinson had been previously convicted of malpractice in office based on evidence that over $140,000 was missing from McIntosh County tax funds during her tenure there as Tax Commissioner in 1997 and 1998. Following her conviction, she was fined and removed from office.

An interim Tax Commissioner was appointed, and while cleaning out Atkinson's office, the interim commissioner discovered a box of personal checks (some paid to the order of cash and some with the payee left blank) from 1990 amounting to over $2,700 that had been signed by Atkinson but never deposited. The interim commissioner also found a December 16, 1998 check from the McIntosh County Tag Account, which Atkinson had made out to herself in the amount of $974. Further evidence revealed that Atkinson allowed employees to routinely cash personal checks out of the county tax accounts, and that Atkinson herself cashed personal checks out of these accounts as well.

The interim commissioner also discovered a 1996 receipt signed by Atkinson indicating that a taxpayer had paid $860 in cash for property taxes, but the taxpayer did not receive credit for this payment and subsequently paid the same taxes twice. The interim commissioner further discovered an undeposited 1994 check from a taxpayer for property taxes.

Atkinson was indicted by a grand jury on two counts of theft by taking (one count for the checks found in the box and one for the $974 check made out to herself) and two counts of malfeasance in office (one count for each of the incidents of mishandled funds from the two taxpayers). One of the members of the grand jury was the wife of the interim Tax Commissioner. Atkinson attempted to have the indictment dismissed based on the interim commissioner's wife being a member of the grand jury, but the trial court refused to dismiss the indictment on this basis. Atkinson also attempted unsuccessfully to have the case dismissed on double jeopardy grounds.

Atkinson was found guilty on all counts, and following the denial of her motion for new trial, she appeals.

1. Atkinson argues that the evidence at trial was insufficient to sustain her convictions. We disagree.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998). We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

(a) A person is guilty of theft by taking when he or she "unlawfully takes or, being in lawful possession thereof, unlawfully appropriates any property of another with the intention of depriving him of the property, regardless of the manner in which the property is taken or appropriated." OCGA § 16-8-2. The proof here of several personal checks (that had not been deposited) being hidden in a box, coupled with the evidence that Atkinson cashed checks from the tax accounts of McIntosh County as a routine practice, was sufficient for the jury to conclude that Atkinson was guilty of theft by taking beyond a reasonable doubt. Cf. *Chastain v. State*, 177 Ga. App. 236, 237 (1) (339 SE2d 298) (1985) (evidence that tax commissioner appropriated funds due to the county sufficient to support conviction for theft by taking); see *Matthews v. State*, 257 Ga. App. 886-888 (1) (572 SE2d 391) (2002) (circumstantial evidence supported conviction for theft by taking where salon employee was unable to account for missing deposits due to salon when employee was in charge of closing).

(b) A county officer such as a tax commissioner may be guilty of misdemeanor malfeasance in office for failing to properly collect tax funds and ensure that such funds are properly paid to the county. See OCGA §§ 45-11-4 (a) (1), (b) (1); 48-5-127 (a) (1); 48-5-103 (1); see also *Cargile v. State*, 194 Ga. 20, 23 (2) (20 SE2d 416) (1942) (defining malfeasance and malpractice in office as the wrongful or unjust doing of some official act that the doer has no right to perform or performing an act with such gross negligence as to be equivalent to fraud). Here, evidence revealed that Atkinson failed to properly give a taxpayer credit for having paid his property taxes in cash in 1996, resulting in the taxpayer erroneously paying the same taxes a second time. In addition, Atkinson failed to deposit the county property taxes from another taxpayer dating back to 1994, resulting in the county being deprived of tax funds to which it was entitled. The evidence sufficed for the jury to conclude that Atkinson was guilty of malfeasance in office.

2. Atkinson further argues that the indictment against her should have been dismissed because one of the grand jurors was married to a State's witness. However, this argument fails because even if the grand juror should have been disqualified based on her relationship to an interested party, such disqualification would not serve as grounds for quashing the indictment. See *Bolds v. State*, 195 Ga. App. 586 (394 SE2d 593) (1990), citing *Bitting v. State*, 165 Ga. 55, 59 (2) (139 SE 877) (1927); OCGA § 15-12-70.

3. Atkinson also contends that the indictment against her should have been dismissed on double jeopardy grounds. She argues that her prior prosecution and conviction for malpractice in office barred the subsequent prosecution against her for theft by taking and malfeasance in office. Atkinson does not specify in her brief whether she bases her double jeopardy claim on OCGA § 16-1-7 or § 16-1-8, but under either statute we find Atkinson's arguments to be without merit.

On appeal from the grant or denial of a double jeopardy plea in bar, we review the trial court's oral and written rulings as a whole to determine whether the trial court's findings support its conclusion. *Wilson v. State*, 229 Ga. App. 455 (494 SE2d 267) (1997).

OCGA § 16-1-7 (b) provides that "[i]f . . . several crimes arising from the same conduct are *known* to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution" unless in the interests of justice the court orders that one or more of the charges be tried separately. (Emphasis supplied.) OCGA § 16-1-8 (b) (1) provides that a subsequent prosecution is barred if the accused was formerly prosecuted for a different crime or for the same crime based on different facts, if such former prosecution resulted in a conviction or acquittal and the subsequent prosecution: (i) is for a crime that the accused could have been convicted of in the former prosecution; (ii) is for a crime with which the accused should have been charged in the former prosecution; or (iii) is for a crime which involves the same conduct, unless (A) each prosecution requires proof of a fact not required in the other prosecution or (B) the crime was not consummated when the first trial began.

Here, the evidence reveals that the facts relating to the several crimes arising from the same alleged conduct of Atkinson were not known to the State at the time that it commenced its first action against Atkinson for malpractice in office. See *Baker v. State*, 257 Ga. 567, 568-569 (361 SE2d 808) (1987) (no double jeopardy where prosecutor did not know of additional crime arising from same conduct); *Bonner v. State*, 249 Ga. App. 358, 359-360 (1) (548 SE2d 84) (2001). Moreover, the crimes in the second trial involved proof of new facts that was not required in the first trial, as they occurred at different

times and involved different parties and actions. Indeed these were entirely separate crimes from those of which Atkinson had been convicted in her prior trial. See *Grogan v. State*, 179 Ga. App. 300, 303 (2) (346 SE2d 378) (1986) (physical precedent only). The trial court therefore properly denied Atkinson's plea in bar of double jeopardy.

*Judgment affirmed. Smith, C. J., and Ruffin, P. J., concur.*

DECIDED SEPTEMBER 18, 2003.

*Samuel G. Oliver*, for appellant.
*J. Thomas Durden, Jr., District Attorney*, for appellee.