BLACKWELL, Justice,
concurring.
It is no ground for a plea in abatement that a true bill of indictment was returned by grand jurors disqualified propter affectum, and this settled principle has been a part of our common law for more than a century. See, e.g., Fisher v. State, 93 Ga. 309, 309-310 (20 SE 329) (1893); Lascelles v. State, 90 Ga. 347, 372-375 (3) (16 SE 945) (1892); Williams v. State, 69 Ga. 11, 27-28 (5) (1882); Betts v. State, 66 Ga. 508, 514-515 (6) (1881); Garnett v. State, 10 Ga. App. 109, 111-112 (1) (72 SE 951) (1911); Hall v. State, 7 Ga. App. 115, 116-118 (1) (66 SE 390) (1909). Through the years, our Court and the Court of Appeals have adhered consistently to this principle. See, e.g., Black v. State, 264 Ga. 550, 552 (2) (448 SE2d 357) (1994); Smith v. State, 203 Ga. 569, 569 (1) (47 SE2d 579) (1948); Farrar v. State, 187 Ga. 401, 403-404 (1) (200 SE 803) (1939); Bitting v. State, 165 Ga. 55, 59-64 (2) (139 SE 877) (1927); Bolds v. State, 195 Ga. App. 586, 586-587 (394 SE2d 593) (1990). And although our General Assembly has undertaken by legislation to specify circumstances in which grand jurors are disqualified propter affectum, see, e.g., OCGA § 15-12-70, the General Assembly has seen fit to leave undisturbed the principle that such a disqualification is no ground for a plea in abatement. When a principle of the common law has been settled so well for so long, and especially when the General Assembly has legislated upon the same subject without disturbing the principle, the courts generally ought not abandon the principle solely upon the ground that it may be unsound policy. See Robeson v. Intl. Indem. Co., 248 Ga. 306, 309-310 (4) (b) (282 SE2d 896) (1981).
To be sure, there are good reasons to doubt that the principle to which we adhere today reflects sound policy. Although the majority is right that grand jurors need not be wholly unbiased and impartial, see Creamer v. State, 150 Ga. App. 458, 460-461 (1) (258 SE2d 212) (1979), it nevertheless is unseemly for grand jurors to pass upon an indictment that charges the accused with crimes of which the same grand jurors are alleged to be victims. For one who has been indicted by grand jurors disqualified propter affectum, the only remedy for the wrongful indictment afforded by the common law — a public and speedy trial by an unbiased and impartial petit jury — is hardly a complete remedy. Even if the accused is eventually acquitted at trial, his acquittal does not keep him from the trouble and expense to which he has been put by the wrongful indictment, and it cannot ensure the restoration of his reputation, which may have been sullied by the *247 wrongful indictment. Our precedents express a concern that permitting a more complete remedy — a plea in abatement or motion to quash — would be too great a burden for the criminal justice system, but federal law permits such a remedy, see Federal Rule of Criminal Procedure 6 (b) (2), and the work of the federal courts does not seem to have been seriously impaired as a result. Perhaps the time has come to afford a more complete remedy for an indictment by grand jurors disqualified propter affectum. But whether a more complete remedy is worth its costs is fundamentally a political question, and it is one, therefore, that is committed principally to the political branches. See Deal v. Coleman, 294 Ga. 170, 174 (1) (a), n. 11 (751 SE2d 337) (2013). With the hope that the General Assembly will reconsider the principle of the common law on which our decision rests, I concur fully in the opinion of the Court.